## MATHEWSON *v.* EUREKA POWDER WORKS.

An objection that a suit is brought without authority of the plaintiff, should be made at the first term when an appearance is entered.

An administrator may ratify a suit brought in the name of the deceased in his life time without authority.

A settlement of accounts, admitting a balance due in money, is evidence under a count for money had and received, though some of the items may be for goods sold, &c.

Entries on the books of the defendant are evidence against him, like other admissions, though another party has been admitted to defend the action.

THIS action is for money had and received. It was committed to an auditor, from whose report it appears that objection was made by the counsel for subsequent attaching creditors, who had been admitted to defend the action, that the suit, having been instituted in the life time of George Mathewson, and he having since the date of the writ deceased, without ordering or directing the suit, his administrator, who now prosecutes it, has no authority to carry it on; but no proof was offered.

In support of the plaintiff's claim he offered the books of the defendants, which contained the accounts in detail between the parties, and showing a balance due the plaintiff on settlement.

For the defendants it was objected, that many items of the account, all of which were enumerated in the specification of the plaintiff's claim, were not recoverable in this action, as "amount of outstanding bills for real estate," being a charge for real estate; charges for merchandise, as twenty casks of lime, $20; one stove, $4; engine lathe, $250, &c.; charges in these forms: "amount of Vittum & Co's account, $1,082.25;" "to L. P. Child's note, dated December 1, 1859, and interest, $36.20 : $1,236.20;" "balance of former account, $255.57;" the whole amount being upward of $170,000, and the balance over $18,000. These items were all allowed by the auditor, subject to exception.

It was objected, for the attaching creditors, that the defendants' admissions by their accounts, settlements, and balances apparently due, are not evidence against them; that the plaintiff, by his specification, had opened the whole accounts between the parties; and if the plaintiff relied upon the defendant's books, as to the balance supposed to have been found due on settlement, he must take them as they are, and is bound by them; and the books stated a less balance than the plaintiff claimed in his specification.

If the last objection is well founded the auditor finds the balance due the plaintiff, $21,736.05; otherwise, $22,663.34.

*Christie,* for the defendants, to the point that the books were not admissible against the attaching creditors, cited *Little* v. *Wyatt,* 14 N. H. 23; *Woodes* v. *Dennett,* 12 N. H. 510; *Bachelder* v. *Sanborn,* 22 N. H. 325, and cases there cited.

*Wheeler & Hall,* for the plaintiff. The want of authority to commence the suit should have been pleaded in abatement. 1 Saund. Pl. & Ev. 1; *Boynton* v. *Willard,* 10 Pick. 166; *Conkey* v. *Kingman,* 24 Pick. 115; *Herndon* v. *Garrison,* 5 Ala. 380; *Wingate* v. *Smith,* 7 Shep. 287. The objection must be regarded as waived, and the creditors estopped from setting it up. 2 Stark. Ev. 31; *Doe* v. *Bredder,* 5 B. & A. 626; *Williams* v. *Goodwin,* 2 C. & P. 257; 1 Saund. Pl. & Ev. 47; *Peacock* v. *Harris,* 10 East 104; *Cutter* v. *Dickenson,* 8 Pick. 386. The administrator having been allowed to come in and prosecute the action, the question is now *res judicata,* and if not the objection has no foundation. *School District* v. *Richardson,* 23 Pick. 62.

The items objected to show money due to the deceased, and generally whenever one party has in his hands money equitably

belonging to another, the other may recover it by assumpsit for money had and received. *Hall* v. *Marston*, 17 Mass. 575, 579; *Claflin* v. *Godfrey*, 21 Pick. 16.

The settlements and balances appearing on the defendants' books are evidence against the attaching creditors. The defendants can not dispute that by their own books there is due the plaintiff so much for money had and received, or for what it has treated as such. *Filer* v. *Peebles*, 8 N. H. 226.

A count for money had and received is supported by evidence of the defendant's receipt of bank notes, promissory notes, or a note payable in specific articles, or any article received and treated as money. *Pickard* v. *Banks*, 13 East 20; 2 Greenl. Ev. 118; *Nightingale* v. *Derisme*, 5 Burr. 2589; *Jones* v. *Brinley*, 1 East 1; *Morrison* v. *Berkey*, 7 S. & R. 246; *Leery* v. *Goodson*, 8 T. R. 687; *Whitehall* v. *Bennett*, 3 B. & P. 559.

BELL, C. J. The objection that the action was commenced without authority can not be sustained. No foundation was laid for it in the evidence. The application should have been made to the court promptly, at the first term when the party was admitted to defend. If the objection was open to him then, it was conclusively waived by the delay. The suit, we think, was well adopted and ratified by the administrator, as the suit of his intestate, by his prosecution of it to a hearing. *School District* v. *Richardson*, 23 Pick. 62. The administrator has power to adopt and ratify a suit brought without due authority from his intestate, as he has to ratify one brought without authority from himself. Rev. Stat., ch. 161, secs. 16 and 10; Comp. Stat. 410, 411.

It is objected that the action for money had and received does not lie to recover several of the items embraced in the accounts. It is generally true that the action for money had and received does not lie for goods sold, nor for money paid, nor in any case but where the defendant has received money belonging to the plaintiff, or something which is received at the time as money. An account chiefly for money may include items for services, goods, and the like. In general, these can not be recovered without counts suitable to the character of the indebtedness. But in this case the plaintiff relies on proof of a settlement, in which a balance of a certain amount in money was found due to him. These settlements are found on the books of the defendants, which are competent evidence against themselves, and would be good evidence to support a count on an account stated; and it is urged that they are equally good evidence to support a count for money had and received, since they prove an indebtedness of that amount in money. The rule that the action for money had and received lies only where one party has received and has in his hands money which he has no right to retain, has been long since relaxed; and it is sufficient, to sustain the action, that something has been received by the defendant, which, under the circumstances of the case, ought, as between the parties, to be regarded as money. *Willie* v. *Green*, 2 N. H. 135; *Wheat* v. *Norris*, 13 N. H. 178. Thus the bills of a private bank,

deposited and received as money, are deemed money. *Pickard* v. *Banks*, 13 East 20; *Mason* v. *Waite*, 17 Mass. 560; and so are negotiable notes, if received as money. *Clark* v. *Shee*, Cowp. 200. In a loan of money a gold tooth-pick, estimated at a certain price, and forming part of a sum loaned, is to be deemed money. *Barber* v. *Parker*, 1 H. Bl. 288. A check was held to be money, being treated as such. *Spratt* v. *Hobhouse*, 4 Bing. 179. Any thing, it is said (13 N. H. 179), received as payment, and which amounts to payment in respect to the party receiving it, is deemed money. Thus an attorney who receives land, or other things, in his own right, and discharges his client's debt, will be chargeable for money. *Beardsley* v. *Root*, 11 Johns. 464; *Floyd* v. *Day*, 3 Mass. 403; *Ward* v. *Evans*, 2 Ld. Raym. 928; *Arms* v. *Ashley*, 11 Mass. 743; *Ainslie* v. *Wilson*, 7 Cow. 668; *Hemmenway* v. *Bradford*, 14 Mass. 122; 2 Greenl. Ev., sec. 118.

Here it may be deemed that the parties have, by their settlement, treated all the charges as money; or, having found a balance in money due, they have balanced the charges for other things than money first, thus leaving a balance entirely cash.

A mere acknowledgment, by a defendant, that he is indebted to the plaintiff in a certain sum of money, is evidence in support of a count for money had and received, as "I. O. U. 8 guineas"; *Douglas* v. *Holme*, 12 Ad. & E. 641; *Evans* v. *Philpots*, 9 C. & P. 270; or a due-bill, "due J. S. ten dollars"; *Allen* v. *Butler*, 14 Gray 129; or, "good to A. O. for $100"; *Osgood* v. *Piersons*, 4 Gray 455. So the entry by a banker in his customer's bank-book of a deposit (*Ex parte Randleson*, 2 D. & C. 534), has been received in evidence under a count for money had and received; and it would be quite unreasonable that a similar admission, that there is a balance due in money, should be made less effectual because it is written at the foot of a statement of the dealings between the parties, showing how the balance accrued, even if those dealings were other than cash receipts and payments. The question on this point is settled in *Filer* v. *Peebles*, 8 N. H. 229, where it was held that evidence of an account stated will support a count for money had and received. This case is supported by the case of *Morse* v. *Allen*, 44 N. H. 33, where it was held that an acknowledgment, "balance due M., $80, for blacksmith work," was evidence under a count for money had and received; and by the case of *Lorimer* v. *Stephens*, 1 C. M. & R. 62.

It is objected that the entries on the books of the defendants are not competent proof between the plaintiff and subsequent attaching creditors, who are admitted to defend the action. This objection rests on an unsound assumption. It is true that the books of parties are evidence only between the parties to the transaction; as to others, they are the mere statements of third persons in writing, but not under oath. If the parties who are admitted to defend became substituted as the parties instead of the defendant, and the action was afterwards to be regarded as the action of the plaintiff against them, the objection would be well founded, but it is not so. In the language of *Parker*, C. J., in *Strong* v. *Wheeler*, 5 Pick. 410, the creditor who comes under the statute, makes the defense for the defendant of record, and he is allowed to defend the suit as the party to

the suit could or might, but he is not put on any other or better ground. It is to be considered that a judgment for the defendant, obtained through this sort of defense, is conclusive against the plaintiff. It could not, we think, have been the intention of the legislature to straighten his means of supporting his action. Whatever the admission of the debtor may avail the plaintiff, he is entitled to the benefit of it; and in *Lambert* v. *Craig*, 12 Pick. 199, it was held that in such case the admissions of the debtor were evidence against the attaching creditor, even if made after the creditor is admitted to defend. The action, after another is admitted to defend it, still remains the action between the original parties. It is to be tried on the same evidence, and to be determined on the same principles that it would be if the defense were made by the original party. The party admitted to defend, being present and having an opportunity to examine the witnesses, and to be fully heard, is of course barred and concluded by the verdict, or decision, as to all matters which it was open to him to contest, but no farther.

*Judgment on the report, unless the parties elect a trial.*