The defendant, in January and May, 1870, executed to the plaintiffs two several mortgages, (or liens on his crops,) conveying his crops to be made during that year and certain stock to the plaintiffs to secure advances by them to be made to an amount of $1000, or $500 each.
It was admitted, that the plaintiffs had furnished to the defendant money and supplies to an amount of over $2000, being $1000 in excess of the sum secured; it was also admitted that plaintiffs had given defendant credit for all sums of money and proceeds of the crop, which he had sent them, except two bales of cotton, the proceeds of which they, the plaintiffs, contended, should be applied to the credit of an account, which the firm of Beal Dicken owed them, as the cotton was the property of said Beal Dicken. As to this, an issue was made and submitted to the jury, who found the facts in favor of the plaintiffs.
It was further admitted, that the defendant had sent to plaintiffs money and produce, raised on his farm, and embraced in said mortgages, sufficient to pay off the sum of $1000, secured in said (441) mortgages; and the defendant insisted that the money thus sent to the plaintiffs by him, and the produce from the farm sent them to be sold should be applied, first to the satisfaction and discharge of said mortgages, and the balance, if any, should be applied to the balance of the plaintiffs' account against him.
The plaintiffs contended that the sums received by them, as above stated, should be first applied to the satisfaction of what defendant owed them for articles furnished over and above the same secured in the two mortgages, and any excess after paying the sum thus unsecured, should be applied to the extinguishment of the mortgages.
The plaintiffs had kept a general running account with the *Page 359 
defendant, charging him with articles, money, c., furnished him, making no difference or distinction by which any part of the account could be distinguished as that secured by the mortgage, from any other part, not so secured, and had given the defendant credit on the general account, with all sums for which he was entitled to credit. There was no evidence to show any application, by either the plaintiffs or defendant, of the credits to the payment of any particular part of the account, as distinguished from any other part of the account, as secured or unsecured.
Upon the foregoing state of facts, the Court held that the credit must be first applied to the payment and satisfaction of the sums secured in the two mortgages, and the mortgages being in this way satisfied, the Court gave judgment in favor the plaintiffs for the balance due on account, refusing a judgment in their favor, for the recovery of the property conveyed in the mortgage.
From this judgment, plaintiffs appealed.
On the 18th January, 1870, defendant executed to plaintiffs a deed, which after reciting that plaintiffs had agreed to furnish him with money and supplies to enable him to (442) cultivate a certain piece of land during the year 1870, to an amount not to exceed $500, in order to secure the payment of such advances on 1st December next, conveyed to plaintiffs defendant's crop, to be raised on said land, and certain stock, c., to be void, of such advances should be paid, c., and agreed to consign to plaintiffs his crop or else to pay plaintiffs 2 1-2 per cent. commission, c. The plaintiffs accordingly advanced to defendant to a value much exceeding $500, between the 5th February, 1870, and the 30th December, 1870. On the 30th June, 1870, the advances amounted to $1,216.91, and the first payment was made in September, 1870. On the 1st December, 1870, the balance in favor of plaintiffs was $1,530.62, the defendant having paid to that date $234.63. Afterwards further advances and also further payments were made, so that on January 1, 1871, according to plaintiff's account, there was a balance due him $1,093.88, although the payments since December 1st, 1870, had exceeded $500.
The plaintiffs brought their action to recover the mortgaged property. The defence was, that the mortgage debt had been paid. The Judge so held and gave the plaintiffs a judgment not for the property *Page 360 
which they demanded, but for a certain sum of money, and plaintiffs appealed.
The only question presented to us is this. The defendant having failed to make any appropriation of the several payments made by him, were the plaintiffs at liberty to apply them to the excess advanced over the sum secured by the mortgage, or were they bound to apply them to the mortgage debt?
This question is fully answered by the learned opinion of RUFFIN, C. J., in Moses v. Adams, 39 N.C. 42. This opinion is so well supported by reason and authority, that it would be superfluous to attempt to add to it. Those who choose to search for later cases will find them referred to in the notes to Clayton's Case. 1 Tudor's Lead. Cas. in Mer. Law. 1.
(443) The rule is, that where a debtor owes several debts to a creditor and makes payments, he may appropriate the payments to any of the debts he may please; but if he fails to do so at the time, the creditor may appropriate them as he pleases (subject to some exceptions not material here) at any time before he brings suit for the balance. Here there was no appropriation by the debtor, and the creditor appropriated the payments as he lawfully might to so much of the debt as was not secured by the mortgage debt unpaid and existing.
His Honor, the Judge below, therefore erred in holding the mortgage satisfied. The plaintiffs were entitled, by virtue of their legal title, to recover the property sued for. But the Superior Court is a Court of Equity, as well as of law. Upon such recovery the question would immediately arise whether the plaintiffs were entitled to hold the mortgaged property as a security only for the sum of $500, secured by the mortgage, or for the payment of the larger sum due them, if the mortgaged property shall turn out to be worth more. That question amounts to this: Whether one who has mortgaged property for $500, and who afterwards becomes indebted to the mortgagee in a sum beyond the mortgage debt, can redeem by paying simply the mortgage debt, or only on paying the whole that he owes. In this State we have not recognized the doctrine of tacking, as defined in the English law. That doctrine is stated thus: Where there are three successive mortgages on the same property, the first mortgagee of course has the legal estate, and if the third mortgagee shall obtain an assignment from the first, the second mortgagee cannot have the property without paying off both the first and third mortgages. But it will be perceived that that case differs materially from the present, as here the question is between the mortgagee and the mortgagor, and the rights of no third *Page 361 
persons have attached. The question is of general importance, but as it is not presented to us now, and may not be, we express no opinion on it.
PER CURIAM. Judgment reversed, and (444) case remanded to be proceeded, in, c.
Sprinkle v. Martin, 72 N.C. 93; Jenkins v. Smith, 72 N.C. 306; Hawkinsv. Long, 74 N.C. 783; Vick v. Smith, 83 N.C. 82; Lester v. Houston,101 N.C. 609; Wallace v. Grizzard, 114 N.C. 495; Burnett v. Sledge,129 N.C. 120; Stone v. Rich, 160 N.C. 164; French v. Richardson,167 N.C. 44.