S. T. SPEER assignee of W. W. LONG and W. J. DICKERSON *v.* C. J. COWLES.

Where a defendant agrees to deliver certain goods, with a proviso, that the agreement shall be void, in either of two events; such condition is a subsequent one and on the trial, it was incumbent on the defendant to show, that at least one of the events, which was to avoid the agreement, had occurred.

CIVIL ACTION, in the nature of *Assumpsit*, on a written contract, commenced in 1863, and tried by his Honor, Judge *Wilson*, at the Fall Term, 1874, of YADKIN Superior Court.

The plaintiffs originally declared in *Assumpsit*, for damages arising from an alleged breach of the following written contract:

" *Memorandum* of a trade between J. & C. J. Cowles of the first part, and W. J. Dickson and W. W. Long of the second part, *witnesseth,*

That the persons of the first part engage to and sell to them of the second part, four hundred dry hides, of the quality denomitated butcher's hides, in Charleston, less one thousand pounds sold to another party, balance supposed to weigh from seven thousand (7000) to eight thousand (8000) pounds, on the following terms, to wit:

The parties of the first part agree on their part to deliver the hides above described within 60 days, and as soon as the nature of the case will allow, at Freeland's Depot, on the A. T. & O. R. R., at one dollar and ten cents per pound, and such further sum as will cover cartage, freight, &c., expenses incident to transportation from Charleston, S. C., and they hereby acknowledge the receipt of four thousand dollars towards their advance payment. They of the second part promise to receive said hides at the time and place recited, and to pay for them in Confederate money on delivery, first receiving the amount advanced for. The weights to be ascertained by weighing the bales at the deport, a bale at a draft. It is expressly understood that if by any accident or want of integrity on the part of those furnishing the hides to the party of the first part, they should not reach the point above designated for delivery, the said parties of the first part are to be exonerated, and they of the second part are only to expect and receive such as may get through, and claim no damage. This is in view of the exposed situation of Charleston. If the hides delivered do not amount to the money advanced, the balance of the funds are to be refunded promptly.

(Signed)                                    J. & C. J. COWLES,
                                                   W. J. DICKSON,
                                                   W. W. LONG,
                                                        per Dickson."

Witness: P. C. HALL.

The defendants pleaded the general issue, and that the contract was illegal. There was much evidence offered on the trial below, to establish the allegations of the plaintiffs, as well as to support the pleas of the defendants, which, not being pertinent to the points decided in this Court, need not be stated.

Upon the question of illegal consideration, many instructions were asked by the defendant, all of which, the case stated, were substantially given as requested, except the following:

" If the plaintiffs contracted for the hides, without any illegal intent at the time, yet if they afterwards used them in filling the contract to furnish leather to the Confederate Government, then the contract sued on would be illegal," his Honor declined to give, and the defendant excepted. The defendant asked his Honor to construe the alleged written contract, and to instruct the jury, that the meaning of the contract is that the defendants undertook to furnish the four hundred dry hides of the quality denominated butchers hides, in Charleston, after first supplying one thousand pounds to another party, if the parties in Charleston who had agreed to furnish the hides to defendant complied with their contract, and furnished the hides to defendant, but that if from any want of integrity, or if from any accident the parties in Charleston, from whom defendant had contracted for hides of the quality described, failed to deliver the hides, the defendant would be exonerated and the plaintiff would not be entitled to any damages ; but the Court declined to so instruct the jury, but told the jury that as the contract was in writing, it was for the Court to construe it, and he instructed the jury, that if the defendant by reasonable effort, could not procure butchers hides in Charleston, within the time given him in the contract to deliver them, or if the defendant, on account of the demands of the Government, then existing, on the railroads, could not procure transportation by railroad from Charleston to Freeland's Depot on the A. T. & O. Railroad, then that in either of these events, the defendants by the terms of the contract would not be liable to

the plaintiffs for damages in this suit. But that defendants were required to make some effort to procure the hides, and to obtain transportation for them to fulfill their contract, and that defendant would not be excused, by reason of the fact, that the hides of the quality contracted for by the plaintiff had advanced in price in Charleston so much that defendants would sustain a loss in complying with their contract.

Verdict for the plaintiff. Rule for a new trial; rule discharged, and judgment.

*Graves*, for appellants.
*McCorkle* and *Bailey*, contra.

RODMAN, J. No exception appears to have been taken in the Superior Court, to the charge of the Judge upon the meaning and effect of the contract declared on. Consequently, none can be properly taken here. The exception to the Judge's refusal to charge as requested by the defendant on the illegality of the contract, was, (properly we think) not pressed here. It is only by an indulgence, that we can consider the errors which the defendant assigns to the instructions of the Judge as to the effect and meaning of the contract, so far as appears from the record, for the first time in this Court.

We find no error in these instructions. We agree with the counsel for the defendant, that the obligation of the defendant to deliver the hides was conditional, and was to be void if he was unable to do so, either by the failure of the persons in Charleston with whom he had contracted, to perform their contracts, or by his inability to procure transportation from Charleston to the place of delivery. But we concur with the Judge below in thinking, that it was incumbent on the defendant to satisfy the jury, that he had made a reasonable effort to procure performance on the part of the persons in Charleston with whom he had contracted, and to procure transportation. Whether he had made effort or not, was a question of fact for the jury, and the jury found it against the defendant. It may

be that the defendant did all that he was required to do. But we cannot revise the verdict.

We do not agree with the learned counsel for the defendant, that this was a sale of goods "to arrive." In cases of the class of those he cited to us, the goods are supposed to have been previously shipped by a particular vessel, and their arrival at the place of delivery may fail, either by reason that they were not shipped as supposed, or that they were lost on the voyage. In such cases, no duty in respect to their arrival can be imposed on the vendor who can do nothing to secure it, and the arrival is strictly a condition precedent. In the present case the defendant agrees to deliver the goods, with a proviso that the agreement shall be void in either of two events. The condition is a subsequent one, and it was incumbent on the defendant to show that one of the events which was to avoid the agreement, had occurred. If he had introduced evidence that he had contracted with persons in Charleston for hides, and that upon demand they had failed without fault on his part, to deliver them, that would have been a defence. It does not appear that the Judge was requested to charge to that effect. The charge which the Judge gave was in itself unexceptionable, and if he omitted to give any instructions which he might properly have given, it does not appear that he was requested to give them. It is well established that the omission of the Judge under such circumstances, is not error.

PER CURIAM.                         Judgment affirmed.