HAWKINS & CO. *v.* L. M. LONG and another.

Where an account has been stated between the parties, and there is no dissent thereto within a reasonable time, it will be presumed that the account, as stated, is correct. When the assent of a party thus appears, the balance struck becomes an original demand, and amounts to an express promise to pay the actual sum stated. The balance of the account stated is principal, and the acc 'unt cannot be re-examined to ascertain the items, unless for alleged fraud or mistake.

(*Waldo* v. *Jolly*, 4 Jones 173; *Jenkins* v. *Beale*, 70 N. C. Rep. 440; *Boyle* v. *Rollins*, 71 N. C. Rep. 130; *Caldwell* v. *Beatty*, 69 N. C. Rep. 365; *Jenkins & Co.* v. *Smith*, 72 N. C. Rep. 296, cited and distinguished from this.)

CIVIL ACTION for the recovery of money only, originally instituted in a court of a Justice of the Peace, and carried thence on appeal to the Superior Court of HALIFAX county, where it was tried before *Moore, J.*, at December (Special) Term, 1875.

The action was brought to recover certain moneys paid by the plaintiffs on account of drafts drawn upon them by the defendant.

Upon the trial in the Superior Court the plaintiffs recovered judgment of $28.00, and from this judgment appealed to the Supreme Court.

All other facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

*Walter Clark*, for the appellants.
*Day* and *Batcheler & Son*, contra.

BYNUM, J. On the first of April, 1874, the plaintiffs rendered to the defendant an itemized account of their dealings with him, consisting wholly of debits for cash advanced, merchandize sold, and drafts paid for the defendant, amounting to $1,671.63, without any payments thereon. On the 21st of

September, 1874, the plaintiffs rendered to the defendant another account, including therein the aggregate amount of the first account, designated as the "balance" due on the said first day of April, and embracing other items, being their dealings from April to September the 21st, and increasing the whole debit to $1,764.66. This account, last rendered, gives the defendant credit for cash, drafts paid and cotton delivered and sold, since the 1st of April, to the amount of $1,266.56, and then subtracts the credits from the debits, and strikes the balance due the plaintiff, which is $498.10. As thus stated, the account is signed by the plaintiffs and delivered to the defendant, three months before this action was commenced. As no dissent appears, we must assume that the account was approved by the defendant as rendered. 1 Greenl. s. 167 and notes.

When an account rendered is not objected to in a reasonable time,—here, three months—the failure to object, will be regarded as an admission of its correctness by the party charged. *Wiggins* v. *Burkham*, 10 Wall. 129. The conversion of an open account into an acsount stated, is an operation by which the parties *assent* to a sum as the correct balance due from one to the other ; and whether the operation has been performed or not, in any instance, must depend on the facts. This may appear from either express agreement, or from words or acts and the proper inferences from them. The plaintiffs here consolidated into one aggregate sum the items of their account against the defendant; then consolidated the items of the defendant's credits in like manner. They then apply the consolidated credits in payment of the consolidated debt, strike the balance and claim that round sum as the debt. The plaintiffs are bound by this application, because they themselves made it. The defendant is bound, because he received the account thus stated, and acquiesced in it, until action brought three months afterwards, without any dissent. When the assent of the defendant thus

appears, the balance struck becomes an original demand and amounts to an express promise to pay the actual sum stated. The balance of the account stated is principal; and it seems that it cannot be re-examined to ascertain the items, except for fraud or mistake. *McLelland* v. *West*, 70 Pa. St. 183. *White* v. *Campbell*, 25 Mich. 463. What is an account stated? It is nothing but the agreement of both parties that all the articles are true. But it is really not material whether in this case it is called an account stated or an account rendered. The same legal consequences will follow the same state of facts. The plaintiffs apply the solid sum of the credits in extinguishment of the solid sum of the debits, and claim the balance struck, as the true debt. That binds *them*. The defendant accepts the account thus stated and assents to it. That binds *him*.

This case is clearly distinguishable from *Waldo* v. *Jolly*, 4 Jones 173. *Jenkins* v. *Beall*, 70 N. C. Rep. 440. *Boyle* v. *Rollins*, 71 N. C. Rep. 130. *Caldwell* v. *Beatty*, 69 N. C. Rep. 365. *Jenkins & Co.*, v. *Smith*, 72 N. C. Rep. 296, and that class of cases, in that in none of them, did the plaintiff himself make the application of the payments to the extinguishment of a specific debt in mass, which is our case. His Honor in the court below, was governed by the case of *Jenkins & Co.*, v. *Smith*, 72 N. C. Rep. 269, and applied the first item on the debit side and so on. But in that case, it was held that the plaintiffs had made no specific application of the payments, nor had the defendant made the application. In such case the law makes the application in running accounts, according to the rule there adopted. That case has no application, because here the specific application of the credits was made by the plaintiffs and acquiesced in by the defendant. The plaintiffs had no right to split the account, and the magistrate had no jurisdiction.

There is error.

PER CURIAM. Judgment reversed and the action dismissed.