## COCHRANE *v.* ALLEN.

After the dissolution of a partnership of two persons, one of them may maintain an action against the other upon an account stated, without showing that the plaintiff paid the partnership debts which he agreed to pay.

An action may be maintained upon an account stated, without proof that the defendant expressly promised to pay the balance appearing by the account to be due from him. The assent of both parties to the account as a settlement of the items stated in it, and the promise of the defendant to pay the plaintiff the balance, may be inferred from circumstantial evidence.

DEBT, on an account stated. The parties, having been partners, dissolved the partnership and divided the property; the defendant conveyed his interest in the debts due the firm to the plaintiff, and the plaintiff agreed to pay the debts owed by the firm ; an account was made by a clerk, showing that, on a settlement of the partnership business, there would be due from the defendant to the plaintiff a balance of $302.66 ; and there was evidence tending to show that both parties understood it to be agreed that the account was correct, and that the balance was due from the defendant to the plaintiff. The defendant excepted to the ruling that the plaintiff could maintain the action without proof that he had paid the partnership debts, and without proof of an express promise of the defendant to pay the plaintiff the $302.66. Verdict for the plaintiff. Motion of the defendant for a new trial.

*Page* and *Hatch*, for the plaintiff.

*Frink*, for the defendant.

CLARK, J. The action can be maintained without proof that the plaintiff had paid the partnership debts which he agreed to pay. *Dickinson* v. *Granger*, 18 Pick. 315 ; *Gibson* v. *Moore*, 6 N. H. 547, 551 ; *Wallace* v. *Antrim Shovel Co.*, 44 N. H. 521 ; *Dakin* v. *Graves*, 48 N. H. 45, 48.

In an action on an account stated, proof of an express promise is not necessary. The mutual agreement, the assent of the parties to the account as a final settlement of the items stated in it, and the promise of the defendant to pay the plaintiff the balance appearing by the account to be due from him to the plaintiff, may be inferred from circumstantial evidence. Pars. on Part. 281 ; *Hawkins* v. *Long*, 74 N. C. 781 ; *Williams* v. *Henshaw*, 11 Pick. 79, 81 ; *Spear* v. *Newell*, 13 Vt. 288 ; *Filer* v. *Peebles*, 8 N. H. 226 ; *Rich* v. *Eldredge*, 42 N. H. 153, 159 ; 2 Greenl. Ev., *s.* 126 ; *Mathewson* v. *Powder Works*, 44 N. H. 289, 291.

*Judgment on the verdict.*