VICK & MEBANE v. J. & K. A. SMITH.

*Mortgage Securities—Appropriation of Payments.*

1. Where a new note is given in substitution of a former one secured by mortgage, the presumption is, in the absence of countervailing evidence, that the new note retains the security of the old one.

2. Where there are two separate and distinct debts, if the debtor does not, the creditor may, appropriate a payment made by the former, and if neither has done so, the law makes the appropriation to the most precarious, that is to an unsecured in preference to a secured debt.

3. Where a mortgagee holding a secured and unsecured debt, sells the mortgaged property under a power, he is a trustee for himself to the extent of the mortgage debt, and for the debtor as to the balance in his hands.

(*Hyman* v. *Devereux*, 63 N. C., 624; *Kidder* v. *McIlhenny*, 81 N. C., 123; *Jenkins* v. *Beal*, 70 N. C., 440; *Moss* v. *Adams*, 4 Ired. Eq., 42; *Jenkins* v. *Smith*, 72 N. C., 296; *Boyden* v. *Bank*, 65 N. C., 13, cited, distinguished and approved.)

CIVIL ACTION for Claim and Delivery, tried at Fall Term, 1879, of CUMBERLAND Superior Court, before *Seymour,. J.*

The opinion states the facts. The matter in controversy was, whether the mortgage had been discharged. Verdict and judgment for defendants, appeal by plaintiffs.

*Messrs. Duncan Rose* and *McRae & Broadfoot*, for plaintiffs.
*Messrs. T. H. Sutton* and *Hinsdale & Devereux*, for defendants.

SMITH, C. J.   On June 10, 1874, the defendants executed
their note to the plaintiffs in the sum of $600 for money
loaned to pay the purchase money of certain articles of per-
sonal property, for the possession of which the action is
brought, and to secure the debt, on the same day, by mort-
gage deed conveyed the same to the plaintiffs. Some months
thereafter, a new note for the same sum and without an en-
dorser, was given by the defendants to the plaintiffs, and
the first cancelled.   The plaintiffs were commission mer-
chants and kept a running account with the defendants of
their mutual dealings, and there was always due from the
defendants $600 or more, from the making of their mort-
gage to the commencement of this action, or as we under-
stand the statement, outside of the mortgage debt, there
never was an excess of payments to the credit of the debtors.

The only point in controversy is whether the consign-
ments made by the defendants have discharged the secured
debt, leaving an unsecured balance of about the same
amount, and thus exonerate the property from the lien of
the mortgage.

There was conflicting testimony as to an alleged under-
standing or agreement between the parties, when the mort-
gage was given, that it was to be a collateral security for all
the advances made or to be made.   The court charged the
jury that if such was the agreement, the plaintiffs would be
entitled to their verdict, but that in the absence of any such
understanding and of any agreement that the renewal note
should be protected by the mortgage, the proceeds from de-
fendants' consignments were to be applied in exoneration of
the mortgage, and if sufficient, in discharge of the secured

6

debt. There is error in the instruction, and there must be a new trial. ·

The second or substituted note for the same debt was, equally with that cancelled, protected by the mortgage, unless the parties otherwise intended, and the burden of proof rested, not upon the plaintiffs, but upon the defendants, to show that common intent. "When a new note or bond is given for an antecedent debt, the presumption is that it was not given as an extinguishment, unless there be proof that such was the intention ; still less can it be presumed in the absence of proof.that a creditor who takes a note in the place of a former one, intended to discharge the mortgage." *Hyman* v. *Devereux*, 63 N. C., 624; *Kidder* v. *McIlhenny*, 81 N. C., 123.

· We think there is also error in the charge as to the application of the defendants' successive payments or consignments, and while it does not appear in the case that the note is charged in the general account, it would make no difference in the operation of the rule if it did. The note subsists as an independent security for money loaned, and has no proper place as an item in a general running account, and if so entered on the plaintiffs' books to show the resulting indebtedness and for convenience of reference, the fact does not impair their legal .rights, nor change their relations as creditors of the defendants. The principle, so well settled, then applies, and if the debtor does not, the creditor may appropriate the payment, and if neither has done so, the law makes the appropriation to the most precarious, that is to an unsecured in preference to a secured debt. *Jenkins* v. *Beal*, 70 N. C., 440; *Moss* v. *Adams*, 4 Ired. Eq., 42.

Whether the plaintiffs have not in the very act of entering the debits and credits of a continuing account applied the one to the other, it is quite certain they have made no such application to the mortgage debt. That, so far as the

case shows, remains uncanceled in their hands and with no payments endorsed, and subsists as an original obligation.

The case relied on for defendants (*Jenkins* v. *Smith*, 72 N. C., 296,) does not support the rulings of the court, for there were not two separate and independent sources of indebtedness, and the Chief Justice declares that the case of *Jenkins* v. *Beal, supra,* does not apply, for " here there are not distinct debts and a distinct payment, but a running account in which the money advanced is charged as items of debit, and the proceeds are entered as items of credit without any reference to the fact that the plaintiff held the bond sued on as a collateral security for the first items of debit." The bond referred to was a guaranty that moneys advanced within a specified period should be met by adequate consignments of cotton to be sent within a limited time, and the fund was thus appropriated, the court holding that the restricted quantity of part of the moneys advanced did not affect the nature of the debt itself, or remove it from its proper place in the account as one of its items.

In regard to running accounts and their adjustment, the rule is very concisely stated in *Boyden* v. *Bank*, 65 N. C., 13, thus : " The first money paid in is the first money paid out," and the true debt consists of the difference between the remaining items. But while the plaintiff may be entitled to the possession of the property, and the aid of the court in obtaining it, they will hold it only for the security of what may be due on the mortgage debt, and with a resulting trust for the debtors, and should they retain, as these purposes can only be accomplished unless the property be redeemed by a sale, we see no reason why, as we have already intimated in a similar case decided at the present term, (*Cotten* v. *Willoughby, ante* 75) the sale may not be made, or the plaintiffs charged with the value of property and of its use, and the equities adjusted under the direction of the

court in the pending action. The judgment below is reversed and a new trial granted. This will be certified.

PER CURIAM.                                  *Venire de novo.*