C. W. LESTER v. G. S. HOUSTON and JOHN D. BROWN.

*Constitution—Mechanics' and Laborers' Liens—Contractor and Sub-contractor—Application of Payments.*

1. In the application of payments the creditor may, and if he does not, the law will, appropriate them to the most precarious debt, in the absence of any direction to the contrary from the debtor.

2. Where payments are made upon a running account they will be applied to the preceding debit items in the order of their date.

3. The constitutional provision for giving to mechanics and laborers liens for their work, and the statutes enacted in pursuance thereof, and also giving liens for materials furnished, extend to and embrace contractors who do not themselves perform the labor or furnish the materials used, but procure it to be done through the agency of others.

4. The lien given to sub-contractors by the statute of 1880—*The Code,* §§ 1801–1803—does not supersede that in favor of the contractor, but only gives it a preference to the extent of the amounts which may be due the sub-contractor, provided it does not exceed the sum which may be due the original contractor.

This is a CIVIL ACTION, which was tried before *Boykin, J.*— a jury being waived—at February Term, 1888, of MECKLENBURG County.

The action was instituted to recover an alleged balance due upon a contract for the construction of a house at Davidson College, and to enforce a lien upon the premises against the defendant Houston and his co-defendant Brown, to whom the property had been conveyed in trust to secure creditors.

A jury trial was waived and the Judge found the following facts:

1. That a contract was entered into between plaintiff and defendant Houston as set out in the complaint, and in pursuance and fulfillment thereof the plaintiff did, during the months of February, March, April, May, June, July, August, September, October, November and December, 1886, furnish the necessary materials to build the said buildings, and from said materials to cause to be built upon the premises described in the complaint the houses therein described.

2. That the materials so furnished and the work and labor done in building the house were reasonably worth the sum of two thousand six hundred dollars.

3. That of the work and labor performed, the plaintiff, from time to time, worked and labored as a mechanic in framing the house, putting it up, making window frames and the like, for the space of three months in all, and his services for the manual labor performed by him was worth the sum of seventy-five dollars per month.

4. That the balance of the work and labor was performed by mechanics employed by plaintiff, he planning and supervising the construction of the buildings, and he visited the place at intervals of two to three weeks on an average for the purpose of working on said buildings and of supervising and directing the work; that during the time the houses were being built he resided in Catawba County, some twenty miles from Davidson College.

5. That during the time he was having the Houston house built at Davidson College he also had a contract to

build a house at Statesville, in Iredell County, and one in Catawba County, and the work on these two houses was being done at the same time as the work on the Houston house.

6. That from time to time the defendant Houston made payments on account to the plaintiff; that the parties came to an accounting on the 15th December, 1886, when it was found that the balance set forth in said account was due to the plaintiff, and a due bill given therefor; that on the accounting it was found that all the materials were paid for.

7. That on the 13th January, 1887, the defendant Houston executed and delivered to his co-defendant Brown a deed conveying the premises described in the complaint, together with other property, in trust to secure the payment of preferred debts other than the plaintiff's, to about the sum of five thousand dollars, and then, if any residue, to be distributed *pro rata* amongst the other creditors of said Houston, which said deed of trust was duly registered in said county on January 14th, 1887.

8. That the "incidental" $349.97 in the statement made on settlement was for board of self and work performed in getting materials for said buildings.

9. That the plaintiff, on the 24th of January, 1887, filed a lien in the office of the Clerk of the Superior Court of Mecklenburg County.

10. That there was no evidence that plaintiff waived his lien.

Thereupon the Court adjudged :

" 1. That the plaintiff is entitled to recover of the defendant Houston the sum of seven hundred and seventeen $\frac{83}{100}$ dollars with interest on the same from December 15th, 1886.

2. That the plaintiff has still subsisting a valid lien upon the premises described in the complaint to the amount of the said sum still due, and is entitled to have said lien enforced against both the defendants, as prayed for in the complaint;"

and directed a formal judgment to be entered in pursuance thereof, which was done, from which defendants appealed.

The defendants excepted to his Honor's conclusions of law as follows:

1. That his Honor has decided that plaintiff is entitled to a lien on the property described in the complaint for the amount claimed by plaintiff, as set forth in the second conclusion of law.

2. That his Honor has concluded as a matter of law that plaintiff is entitled to a lien on said property for more than the value of plaintiff's manual labor and work—that is, seventy-five dollars a month for three months.

3. That his Honor should have concluded as a matter of law that the plaintiff is not entitled to a lien on said property for any amount claimed by him, and certainly for not more than his individual manual work and labor—that is, $225.

*Mr. C. W. Tillett,* for the plaintiff.
*Messrs. Burwell & Walker* (filed a brief), for the defendants.

SMITH, C. J. *Exception* 1. The entire indebtedness incurred by the defendant is found to amount to $2,587.71, and the partial payment to $1,864.88, showing a balance due the plaintiff on December 15th, 1886, of $722.83, for which sum (again reduced by five dollars) the defendant Houston gave a certificate in these terms:

" This is to certify that I am indebted to C H. Lester in the sum of seven hundred and seventeen dollars and eighty-three cents, balance due for building house at Davidson College. This 15th day of December, 1886.

G. S. HOUSTON."

On this accounting all the materials were found to have been paid for in the credits.

In this adjustment all the charges preferred were admitted to be correct, and the defendant not designating before, or then, how the payments should be applied to the residue of the debt outside of that incurred for materials, left the creditor to apply them, even if not by law so appropriated, to the items, if any, not secured by a lien; and this confines the sum demanded in the action to the unpaid charges for labor performed upon the premises, and thus eliminates from the controversy such as are resisted as not entitled to the lien. The creditor may, and if he does not the law will, apply the money paid without direction to the most precarious debt. *Ramsour* v. *Thomas,* 10 Ired., 165; *Moss* v. *Adams,* 4 Ired. Eq., 42; *Jenkins* v. *Beal,* 70 N. C., 440 ; *Sprinkle* v. *Martin,* 72 N. C., 92.

If the payments were upon a running account the credits would be appropriated as made to the preceding charges, to-wit : the first item of the debit side discharged by the first item on the credit side. *Jenkins* v. *Smith,* 72 N. C., 296. The same general ruling is made in *Boyden* v. *Bank,* 65 N. C., 13 ; modified, however, in the case of a transition from one to another currency which are of different values.

This brings us to the consideration of the proposition contended for by defendants, which interprets the statute ( *The Code,* § 1781) as giving the lien to mechanics and laborers as such, who themselves so work, and refuses it to contractors by whom they are employed and for whom they render service.

The Constitution requires the General Assembly to "provide by proper legislation for giving to mechanics and laborers an adequate lien on the subject-matter of their labor." Art. 14, § 4. And the statute gives the lien "for the payment of all debts contracted for work done on the same or material furnished." *The Code,* § 1781. In the construction of this section it is declared, in *Wilkie* v. *Bray,* 71 N. C., 205,

101—39

that "in order to create the lien, the circumstances must be such as first to create the relation of debtor and creditor; and then it is for the debt that he has the lien."

The effect of this ruling, which makes the statutory lien an incident to and the offspring of the contract out of which the indebtedness springs, and confines it to the party to the contract, made at June Term, 1874, was followed by the enactment of March 29, 1880, entitled "An act to give sub-contractors, laborers and material men a lien for their just dues," the provisions of which constitute sections 1801, 1802 and 1803 of *The Code* in chapter 41.

It was not intended to supersede the lien of the contractor, for it in direct terms gives the lien in favor of sub-contractors, laborers and material men a preference over "the mechanics' lien now provided by law," and provides that when notice is given, the aggregate of such liens shall not exceed the amount then due the original contractor.

The legislation is intended to extend the remedy to those who work or furnish materials from which the owner derives a benefit in the improvement of his property, even where there are no contract relations between them and the owner, and enable them to secure, in order to the payment of what is due them, the indebtedness due from the debtor to the contractor.

Whatever may be the ruling in other States in the construction of such a statute as may be there in force, it is quite manifest that ours gives to the contractor, under whom his employees and agents work, the lien provided in section 1781, and though subordinated to the lien of the latter, and only displaced when its enforcement would be prejudicial to them, when these are paid the contractor's lien becomes absolute and unconditional. Such is the result of our legislation upon the subject, and similar views are taken by the authors, Phillips and Kneeland, who have written on the subject of Mechanics' Liens.

Says the first named author, quoting from the opinion of the Court delivered in the case of *Woodbury* v. *Grimes*, 1 Cal., 100, in reference to a law whose terms are very like our own: "Now, a debt cannot be due except upon a contract, express or implied, and therefore the act assumes the existence of a contract, but does not create it." Phill. Mech. Liens, sec. 28.

He defines the contractor as "one who agrees to do anything for another," and adds that "this general term, however, as will be seen, has been held to include either those who have made contracts directly with the owner of the premises or those who have contracted with the contractors." Sec. 40. He thus describes a sub-contractor: "One who has entered into a contract, express or implied, for the performance of an act with the person who has already contracted for its performance." Sec. 44. The other author uses language of similar import, and says: "Although the original contractor may sub-let his entire contract, and neither himself performs labor or furnishes materials in a literal sense, yet he will be entitled to a lien, for each sub-contractor is an agent for the performance of a portion of the entire contract, and the act of the agent is in law the act of his principal." Kneeland, Mech Liens, sec. 3.

Again, he defines sub-contractors, laborers and material men, and says they are all "specially provided for in all the existing statutes of this State (New York), and it makes no difference in what degree they stand to the original contractor, provided the work or material was rendered specially for the building on which the lien is sought." * * * * "Neither the owner, the contractor, nor any sub-contractor can be compelled by such proceeding to pay any third party a greater sum than that due to the person with whom he has contracted." Sec. 4.

The case— *Winder* v. *Caldwell*, 14 Howard U. S., 438—cited for appellant, decided upon the words of a statute altogether

different, is not applicable, and if it were, we are not disposed to follow it.

The filing of the claim and its specifications, in order to perfect the lien, seem to pursue the statutory requirements, and are not questioned by the appellant. As this lien has precedence of all other liens, incumbrances which attach to the property subsequent to the time at which the work was commenced, it is superior to the title acquired under the deed to the defendant Brown, and must prevail over it, according to the statute. Section 1782, as construed in *Burr* v. *Maultsby*, 99 N. C., 263.

There is no error, and the judgment must be affirmed.

Affirmed.