NEW HOME LUMBER CO. v. RYAL *et al.*

No. 6567. Opinion Filed March 28, 1916.

(156 Pac. 637.)

MECHANICS' LIENS—Enforcement—Parties. In an action by a subcontractor to enforce a materialman's lien, the original contractor is a necessary party defendant; but, if the sheriff's return shows that service of summons cannot be had upon such original contractor, the lien of the subcontractor can be enforced against the property, without obtaining a personal judgment against said original contractor.

(Syllabus by Collier, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by the New Home Lumber Company against A. L. Ryal and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

*Randolph, Haver & Shirk,* for plaintiff in error.

*Adams & Wills* and *A. Nicodemus,* for defendants in error.

Opinion by COLLIER, C. This is an action brought by a subcontractor, plaintiff in error, to enforce a materialman's lien upon a building described in the petition, against the owner of said property, and the original con-

tractor, defendants in error. Hereafter the parties will be designated as they were in the trial court. Summons was issued to each of the defendants and served upon each of them, except A. L. Ryal, the original contractor, as to whom the sheriff returned: "A. L. Ryal, not in the county, and am unable to find said A. L. Ryal." Joseph Kilas, the owner of the property upon which it was sought to foreclose the lien, and one of the defendants in this cause, filed his motion to dismiss the cause, upon the ground: That the original contractor of the building described in said petition had never been served with summons herein. The court sustained the motion and dismissed the cause, and taxed the plaintiff with the costs, to which the plaintiff duly excepted. The plaintiff timely moved for a new trial, which motion was overruled, exception saved, and this appeal perfected.

There is only one material question involved in this appeal—the action of the court in dismissing the cause, and taxing the plaintiff with the costs.

Section 3874, Rev. Laws 1910, reads:

"In such actions all persons whose liens are filed as herein provided, and other incumbrancers, shall be made parties, and issues shall be made and trials had as in other cases. Where such action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party defendant, and shall at his own expense defend against the claim of every subcontractor, or other person claiming a lien under this chapter, and if he fails to make such defense the owner may make the same at the expense of such contractor; and until all such claims, costs and expenses are finally adjudicated, and defeated or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay:

Provided, that if the sheriff of the county in which such action is pending shall make return that he is unable to find such original contractor, the court may proceed to adjudicate the liens upon the land and render judgment to enforce the same with costs."

It is true that said section 3874 requires that, in an action by a subcontractor to enforce a materialman's lien, the original contractor must be made a party defendant, but it is equally true that it does not require that the summons be served upon said original contractor, as a condition precedent, or that a personal judgment must be rendered against the original contractor to foreclose the lien. On the contrary, the express provision of said section is that if the sheriff of the county in which the action is pending shall make return, as in the instant case, that he is unable to find such original contractor, the court may proceed to adjudicate the lien on the lands and render judgment to enforce the same, with costs. While ordinarily where a summons is required to issue it is also required to be served upon the defendant named therein, the section referred to especially provides for the adjudication and foreclosure of the liens without service of summons upon the original contractor.

If the lien can be legally adjudicated and foreclosed without even the service of summons upon the original contractor, certainly it cannot be said, as a matter of law, that a personal judgment for the amount of the lien claimed must be rendered against the original contractor, as a condition precedent, to enforce the lien of the subcontractor against the property of the owner, when service of summons cannot be had upon such original contractor.

By reason of the extraordinary protection given by our laws to materialmen's claims, credit is readily extended to original contractors for material, and to hold that this security might be destroyed by reason of the removal of a dishonest original contractor, so that service of summons could not be had upon him, would be largely to destroy the beneficent laws of this state in regard to building, which laws have tended so largely to the improvement of this state.

We are therefore of the opinion that the trial court committed grievous prejudicial error in dismissing the case and taxing the plaintiff with the costs.

We think it more than probable that the court misinterpreted the case of *Alberti v. Moore,* 20 Okla. 78, 93 Pac. 543, 14 L. R. A. (N. S.) 1036, in which Mr. Justice Dunn says:

"By authority of the statute, and this only, he is permitted to subject the property improved to the payment of his claim; but he can do this only in a suit, as provided in section 653, c. 66, St. Oklahoma 1893, *et seq.,* in which such original contractor is a party defendant, and it is essential before he can enforce his lien against the property that he first secure against the original contractor a judgment for the amount which he seeks to have levied on the property"

—for the reason that in that case service was had upon the original contractor, who answered denying liability, and consequently said case does not support the action of the trial court in the instant case, as, unless the original contractor was indebted to the subcontractor, of course no lien could exist.

This case should be reversed and remanded, with instructions to reinstate the cause and proceed with the trial in accordance with the views expressed in this opinion.

By the Court: It is so ordered.