## DOLESE BROS. CO. v. ANDRECOPULAS et al.

No. 14961—Opinion Filed March 3, 1925.

Rehearing Denied June 30, 1925.

(Syllabus.)

1. **Mechanics' Liens—"Subcontractor."**

"A subcontractor is one who has entered into a contract, expressed or implied, for the performance of an act with a person who has already contracted for its performance."

2. **Same—Rights of Materialman Dealing with Subcontractor.**

Under section 7463, Comp. Stat. 1921, a materialman can recover a judgment lien against the owner of the property upon which a building is erected by a contractor who sublets the contract to another party, who, in turn, sublets his contract to a third party, who purchases material from the materialman who stands within the fourth degree removed from the property owner and the third degree from the original contractor.

3. **Same—Action to Enforce Materialman's Lien—Subcontractor as Party Defendant.**

In an action by a materialman to enforce his lien, the subcontractor to whom such materials were furnished is a necessary party defendant; but if the sheriff's return shows that service of summons cannot be had upon such subcontractor, and in addition thereto no objection is made to proceeding to trial without the appearance of such subcontractor by the owner of the property sought to be impressed with such lien, the lien of the materialman can be enforced against the property, without obtaining a personal judgment against such subcontractor, and such rule applies when final judgment is rendered declaring and foreclosing a lien, notwithstanding such subcontractor files an answer pleading payment of the debt upon which the lien is based.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Gus Andrecopulas against Dolese Brothers Company and others. From the judgment, the defendant named brings error. Reversed, with directions.

Wilson, Tomerlin & Trelkeld, for plaintiff in error.

Wilkinson & Bell, for defendants in error.

RILEY, J. This action was begun in the district court of Oklahoma county by Gus Andrecopulas, one of the defendants in error, against Dolese Brothers Company, a corporation, H. L. Salley, W. L. Dickson and Rank Brothers, a copartnership, defendants in error, seeking the cancellation of a mechanics' lien against, and removing a cloud from the title of certain real estate owned by said Andrecopulas, and for damages.

Andrecopulas, as owner of certain real estate in said county, made a contract with defendant Salley, by the terms of which the latter was to furnish materials and labor and to construct a building on said real estate. Defendant Salley subcontracted to W. L. Dickson, and Dickson resubcontracted a part of the work thereon to Rank Brothers. Rank Brothers contracted and purchased from defendant Dolese Brothers Company building materials to the value of $225.80.

There is some contention on the part of Andrecopulas that Dolese Brothers Company had furnished to Rank Brothers a receipt and acknowledgment of payment in full on the account of building materials so furnished; that Rank Brothers had produced this receipt to the satisfaction of Dickson and that Dickson had presented it to Salley. However, the trial court found, and his findings are supported by the evidence, that the alleged receipt was only a statement, and that the same was not signed nor authorized by Dolese Brothers Company. Dolese Brothers Company filed a verified answer and cross-petition to the petition of plaintiff, amongst other things, praying for a foreclosure of the lien in controversy; to which plaintiff answered. Likewise, separate answers were filed by Salley and Dickson, to which Dolese Brothers Company made reply in the nature of a general denial.

It will be observed that all the defendants except Rank Brothers had answered before trial.

The summons as to Neal and M. E. Rank, copartners composing the firm of Rank Brothers, had been returned with a return of service "not found." No objection was made, on the part of any party to the action, to proceeding in the case on account

of the absence of Rank Brothers, and the court continued the cause as to Rank Brothers until service upon them could be had. Upon the issues thus joined the cause was tried to the court without the intervention of a jury. Judgment was rendered for plaintiff, Andrecopulas, for cost, and defendant Dolese Brothers Company's lien was ordered canceled. The court later modified said judgment by rendering judgment in favor of cross-petitioner Dolese Brothers Company, foreclosing its lien upon the property of plaintiff for the sum of $59.90, interest and cost, based upon the value of materials, furnished by cross-petitioner, which entered into the construction of a sidewalk adjacent to and abutting the property in question, for the construction of which sidewalk the defendant Salley had contracted directly with Rank Brothers, subcontractors, who purchased the materials from cross-petitioner.

The contention of Dolese Brothers Company is that the trial court erred in its holding upon the following matter:

"Does a materialman or a subcontractor, who may stand in the third degree under the Oklahoma Mechanic's Lien Law as it now stands, have a lien for the cost of its material which enters into the construction of an owner's property?"

Let us set out more clearly the position occupied by the parties to this suit: Owner of property—Gus Andrecopulas; contractor —H. L. Salley; first subcontractor—W. L. Dickson; second subcontractor—Rank Brothers; materialmen under second subcontractor—Dolese Brothers Company.

The question raised makes it necessary that this court place its construction on section 7463, Comp. Stat. 1921, which is as follows:

"Any person who shall furnish any such material or perform such labor as a subcontractor, or as an artisan or day laborer in the employ of the contractor, may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; and any artisan or day laborer in the employ of, and any person furnishing material to such subcontractor, may obtain a lien upon such land, or improvements, or both, for the same time, in the same manner, and to the same extent as the subcontractor, for the amount due him for such material and labor. * * *"

The question here presented is whether or not a materialman or subcontractor, standing in the third degree removed from the contractor and the fourth degree removed from the property owner, comes within the limit of the statute above quoted so as to entitle him to a lien upon the property owner's real estate, upon which the improvements were made and for which the materials were furnished, when there is no actual contractual relation existing between such a materialman and the owner or his contractor.

Defendant in error contends that the statutes of Oklahoma and Kansas regarding liens are the same in effect, and cites the case of Vandenberg v. Walton Lumber Co., 19 Okla. 169, 92 Pac. 149. This court, in deciding the Vandenberg Case, had before it for construction the mechanics' lien law as it then existed. The Oklahoma statute at that time was indentical with the Kansas statute, and this court then followed the Kansas rule in holding that the materialman or subcontractor to a subcontractor had no lien. The Kansas statute, and the Oklahoma statute at the time of the Vandenberg decision, was as follows:

"Any person who shall furnish any such material or perform such labor under a subcontractor with the contractor * * * may obtain a lien.* * *"

In 1905 the Oklahoma statute on such liens was amended so as to give right of lien to a materialman furnishing materials to a subcontractor, and this court, in the Hoggson Bros. v. Dickason-Goodman Lumber Company Case, 81 Okla. 31, 196 Pac. 686, held that the Walton Lumber Company rule was no longer applicable.

It will be observed that the Kansas statute limits the materialman's lien to a subcontractor of the contractor, while the Oklahoma statute says any person furnishing such materials, as a subcontractor, is entitled to a lien.

The codifiers of Harris-Day Code, in bringing the statute, supra, forward, amended the phrase "under a subcontractor with the contractor" so as to make it read "as a subcontractor."

We can further clarify the meaning of the Oklahoma statute by eliminating the phrase "or as an artisan or day laborer in the employ of the contractor," inasmuch as the same deals with a separate and distinct contract foreign to the relation of a subcontractor. Thus the statute reads: "Any person who shall furnish any such material or perform such labor as a subcontractor, * * * may obtain a lien." There is no provision, then, that the subcontractor must

have his contract with the original contractor, and all subcontractors must come within in this class irrespective of the degree they are removed from the original contract. Mobley v. Leeper Bros. Lbr. Co., 89 Okla. 97, 214 Pac. 174, is in accord with this rule:

"All that is required is that the contractor have a binding contract, and that the materialman furnish the material to the contractor to be used in pursuance of his agreement with the property owner, and if it is so used, the materialman, under said last-named section, if he complies with other provisions of the statute necessary to ripen his claim into a lien, is entitled thereto."

In Ryndak v. Seawell, 13 Okla. 737, 76 Pac. 170, it is said:

"A subcontractor is one who takes a portion of a contract from the principal contractor."

A contractor, such as we have, is one standing in direct relation to the proprietor and responsible to him, permitted by the nature of his contract to perform the same or sublet portions of it if he sees fit. A subcontractor, then, is one whose relation to the principal contractor is substantially the same, as to a part of the work, as the original contractor's is to the owner. He is distinguished from one contemplating and performing personal service. He is one who is obligated to produce an agreed result.

A subcontractor is one who contracts with his principal to do work embraced in the original contractor's agreement. The significant element in the relation between a contractor and his principal is the work as an entirety to be performed, as distinguished from personal service.

24 Am. & Eng. Encyclopdia (1st Ed.) 140:

"A subcontractor is one who has entered into a contract, expressed or implied, for the performance of an act with a person who has already contracted for its performance." Farmers Loan & Trust Co. v. Canada & St. L. R. Co. (Ind.) 26 N. E. 786, 11 L. R. A. 740; Lester v. Houston, 101 N. C. 605, 8 S. E. 366; Smith v. Wilcox et al. (Ore.) 74 Pac. 708, 75 Pac. 710.

To be entitled to a lien under section 7463, supra, for materials furnished and used in the construction of improvements, as this record discloses, it is not essential that the materialman have direct contractual relation with the owner of the property or the original contractor. It is essential that such materialman have knowledge of such a contract existing between the owner and contractor and that such materialman make his contract and furnish his materials in accord and compliance with the original contract; that is to say, that he contract and perform part of the obligation, which bound the contractor. This rule follows regardless of the degree such subcontractor may be removed from the owner or original contractor. 18 R. C. L. 910; Farmer v. St. Croix Power Co., 117 Wis. 76, 93 N. W. 830, 98 A. S. R. 914.

Rank Brothers, then, were subcontractors within the statute heretofore set out and Dolese Brothers Company, under the 1905 amendment to this statute, were entitled to protection of their materialman's lien by reason of their contractual relation, which resulted in their performing a part of the obligation of the original contractor. The trial court erred in its holding in this.

The remaining contention of counsel is that judgment was rendered by the trial court in the sum of $61.50 for value of materials furnished by Dolese Brothers Company direct to the contractor without trying out the issue with Rank Brothers, original contractors in this feature of improvement made.

No objection was made by any parties to this suit to going to trial without the presence of Rank Brothers. The summons as to Rank Brothers had been returned "not found." An alias summons was awarded by the court in judgment and three days allowed in which to file answer.

The judgment of the trial court was modified on August 17, 1923. Motion for new trial was filed and overruled as to Andrecopulas and Salley. Notice of appeal was given in open court. The cause was continued as to Rank Brothers Company for September 6th. Rank Brothers answered August 20, 1923, and pleaded payment to Dolese Brothers Company of the account except in the sum of $8. Dolese Brothers Company on September 6, 1923, dismissed as to Rank Brothers over the objection and exception of other parties to the original action. Final judgment had theretofore been rendered as to all parties defendant except Rank Brothers.

In the case of New Home Lumber Co. v. Ryal et al., 56 Okla. 746, 156 Pac. 637. it was held:

"In an action by a subcontractor to enforce a materialman's lien, the original contractor is a necessary party defendant; but, if the sheriff's return shows that service of summons cannot be had upon such original contractor. the lien of the subcontractor can be enforced against the property, without

obtaining a personal judgment against said original contractor."

Such rule applies here.

Judgment of the trial court is reversed, with directions to declare a lien and foreclosure thereof in favor of Dolese Brothers Company against the described property of defendant Andrecopulas, in the amount sued upon.

BRANSON, HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur. NICHOLSON, C. J. dissents.