## Otto Reiss v. Jacob N. Scherner et al.

1. BUILDING CONTRACTS—*What is Not a Deviation.*—A subsequent agreement between the parties to a building contract to substitute "cherry for oak in the front parlor," is not a deviation from a building contract containing a provision that the owner may make alterations by adding, omitting or deviating from the stated plans, drawings and specifications, or either of them, which he shall deem proper and the architect shall advise, without impairing the validity of such contract.

2. SAME—*What is Not a Modification.*—A subsequent agreement between the parties to a building contract to erect a barn on the same premises can not be said to be a modification of a prior contract to erect a residence.

3. PAYMENTS—*Appropriation of, etc.*—It is not necessary that the appropriation of the payment should be made by an express declaration of the debtor; if his intention can be clearly gathered from the circumstances of the case, the creditor is bound by it.

4. SAME—*What Amounts to an Appropriation by the Debtor.*—If the debtor, at the time of making a payment, makes an entry in his book, stating such payment to be on a particular account, and shows the entry to the creditor, this is a sufficient appropriation by the debtor.

5. SAME—*Right of Appropriation Exercised by Entries in Books.*— The right of election of appropriation of a payment is not conclusively exercised by entries in the books of either party until those entries are communicated to the other party.

Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1899. Affirmed in part and reversed in part, with directions. Opinion filed February 5, 1900.

IVES, MASON & WYMAN, attorneys for plaintiff in error.

DUNN & BYRON, attorneys for defendants in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Jacob N. Scherner and others, defendants in error, filed a petition for mechanics' liens on certain premises described in the petition, against Joseph P. Holzbauer, the owner of said premises, Otto Reiss, plaintiff in error, Julius Schilling and others. The issues having been made up, the cause was referred to the master to take proofs and report. The master in his report recommended, among other things, that a trust deed of the premises held by plaintiff in error, and by virtue of which he claimed a lien, should be released, as a cloud on the title. The court overruled Reiss' exceptions to the master's report, confirmed the report and dismissed Reiss' cross-bill praying relief in respect to his trust deed.

The facts are substantially as follows: May 17, 1897, Jacob N. Scherner and Joseph P. Holzbauer contracted for the erection by the former of a building on the premises described in the petition, the building to be completed on or before August 15, 1897, for the consideration of $4,000, payment to be made by Scherner to Holzbauer, as follows: $1,500 when the roof should be on; $1,000 when the building would be plastered; $500 when it would be ready for painting, and $1,000 when it would be completed, delivered and accepted. The contract was, at the time it was made, formally reduced to writing, ready for the signatures of the parties, but was not then signed, it appearing from the evidence that the parties did not intend to sign it, but intended it merely as a memorandum of their agreement. After the agreement was reduced to writing, and about May 19, 1897, it was further agreed between Scherner and Holzbauer that the former should build a barn on the premises for the sum of $150, and that he should substitute cherry for oak in the front parlor of the building for the sum of $25. This latter agreement was not reduced to writing. At the time of the

agreements mentioned there was a mortgage on Holzbauer's premises to secure payment of the sum of $500, and he, intending to borrow money to make the improvements contracted for with Scherner, desired to remove the mortgage incumbrance, and for this purpose he borrowed from Scherner $500, and with that sum paid the money secured by the mortgage. Holzbauer then, through John C. Krasa, applied to Theodore Schintz for a loan on the property, and Schintz agreed to lend him $3,000, but required that Holzbauer and Scherner should sign the writing of May 17th, embodying the terms of the contract between them, which they did. This was about two weeks after the making of that contract.

May 24, 1897, Joseph Holzbauer executed and delivered to Schintz two principal notes, each payable to his own order and by him indorsed; one note being for the sum of $500, due three years after date, with interest at the rate of seven per cent per annum, payable semi-annually; the other for the sum of $2,500, payable and indorsed in like manner, due five years after date, with interest at the rate of six per cent per annum, payable semi-annually. At the same date Holzbauer executed and indorsed notes for the semi-annual interest to become due on each of the principal notes. Also, at the same date Holzbauer and his wife, Emma, executed to Theodore Schintz a trust deed of the premises described in the petition, to secure the payment of the $500 note, which was recorded June 23, 1897, and also executed to Schintz a trust deed of the same premises to secure the payment of the $2,500 note, which was recorded May 29, 1897. June 2, 1897, Julius Schilling purchased from Schintz the $500 note, paying therefor $500. In the latter part of May, 1897, Otto Reiss purchased from Schintz the $2,500 note, paying therefor $2,500. July 16, 1897, Schintz gave his check to Holzbauer, payable to the latter's order, for the sum of $500, which check Holzbauer indorsed and delivered to Scherner about July 17, 1897, in payment of the $500 theretofore lent to him by Scherner to remove the incumbrance on the premises prior to the trust deeds in question. The Schintz check was paid and the $500 mentioned in it

was all the money which Holzbauer ever received from Schintz on account of his notes and trust deeds. Each of the principal notes had a power of attorney annexed to it, which authorized the holder to declare the note and interest thereon due, and confess judgment for the same in the event of non-payment of interest when due. The first interest note for the semi-annual interest due on the $2,500 note not being paid, Otto Reiss elected to declare the principal note for $2,500 due and payable, and, November 27, 1897, caused judgment to be entered by confession for $2,625, the amount of said note and interest thereon. Subsequently the court granted leave to Holzbauer to plead to the declaration, the judgment to stand as security.

Scherner commenced work under his contract with Holzbauer May 17, 1897, and fully completed the same by July 24, 1897, and the same was accepted by Holzbauer. The value of the lot on which the house and barn were erected is $1,000, and the value of the improvements placed thereon by Scherner $4,500. The court, by its decree, found that the amounts due Scherner, and others claiming mechanics' liens, were first liens on the value of the buildings, exclusive of the value of the lot, and that Schilling had a prior lien on the lot, exclusive of the value of the buildings. The decree concludes as follows:

"The court orders that unless the various sums above found due, and costs of suit, including $340 allowed for master's fee, are paid within three days, said premises be sold; that out of the proceeds of sale the master retain his fees, etc., and pay the aforesaid parties or their solicitors their costs, and then pay said Scherner, Susmilch Bros., Sirovy, McConnell and Dawson Bros. and Julius Schilling, or their solicitors, the amount found due each of them respectively, with lawful interest, etc.; that in case the sum realized is not sufficient to pay said sums, the master, after paying costs and disbursements, shall pay Julius Schilling two-elevenths of said proceeds, and to said Scherner, Sirovy, Susmilch Bros., McConnell and Dawson Bros., nine-elevenths, until the lien of said Schilling is satisfied, and thereafter pay the whole of said proceeds to complainants and Dawson Bros. *pro rata.*"

Counsel for plaintiff in error contend that there is a variance between the petition and the evidence, in that the petition alleges that the contract between Scherner and Holzbauer was verbal, whereas the evidence is that it was in writing, also that the parties attempted to vary the written contract by oral agreement.

We find no variance between the petition and the evidence. The petition alleges the facts as they are proved to have occurred. Neither do we find any verbal modification of the written contract, even though it be considered as signed by the parties May 17, 1897, when it was reduced to writing. The subsequent verbal agreement between the parties was that Scherner would erect a barn on the premises for the consideration of $150, and would also substitute cherry for oak in the front parlor of the house for the consideration of $25 in addition to the contract price. By the written contract it was not agreed that Scherner would erect a barn, and it certainly can not be said that a contract to erect a barn is a modification of a prior contract to erect a residence. Neither was the agreement to substitute cherry for oak in the front parlor a deviation from the written contract inconsistent with its terms. The written contract contains the following :

"It is also further agreed that the said party of the second part may make all alterations by adding, omitting, or deviating from the aforesaid plans, drawings and specifications, or either of them, which he shall deem proper and the said architect shall advise, without impairing the validity of this contract," etc.

The change from oak to cherry was one of minor importance, and within the meaning of the written contract, and was not a change of the contract in the sense contended for by counsel. County of Cook v. Harms, 108 Ill. 151, 159.

The petition contains the following averments :

"That on May 19, 1897, said agreement was verbally modified, in this respect, namely, that it was agreed that Holzbauer might, at his discretion, let independent contracts for the cut stone and mason work, and should receive a credit upon the sum originally agreed upon, as the

Reiss v. Scherner.

contract price between said Scherner and Holzbauer, for such sum as said Holzbauer should agree to pay to the other contractors, for furnishing and setting cut stone and doing the mason work, but in all other respects said contract should be executed as originally agreed on; and that Scherner should receive for completing building the difference stipulated in the original contract (in addition to sums hereinafter specified, agreed to be paid for extras), and the sum or sums of said cut stone and mason contracts, if let to other contractors."

The evidence is that Holzbauer did let sub-contracts for the cut stone and mason work, and in the accounts between him and Scherner, as stated by the master, Holzbauer is credited with the amounts of such contracts. Scherner clearly had the right, under his contract with Holzbauer, to make sub-contracts for the cut stone and mason work necessary for the performance of his contract with Holzbauer, and having such right, he could lawfully authorize Holzbauer to make the sub-contracts, agreeing to credit him with them, and it was not necessary that such agreement should be in writing. The substance of the matter is, that Scherner, instead of making the sub-contracts in person, made them through Holzbauer. The making these sub-contracts for labor and material required to be performed and furnished by the original contract, was not a variation from, or modification of that contract, as claimed by plaintiff in error. Plaintiff in error claims that he is entitled to a lien by virtue of his judgment against Holzbauer of November 27, 1897. The court in its decree has found that the legal title is now in Emma Holzbauer. We find no evidence in the record to sustain this finding. Petitioner offered in evidence a deed from Holzbauer and Emma, his wife, purporting to convey the premises to Adolph Lonek, and also a quit claim deed of the premises from Lonek to Emma Holzbauer, but both these deeds, by agreement between the parties, were excluded from the evidence, and the petition avers, the answer of Reiss admits, and the master and the court both find, that May 17, 1897, Joseph P. Holzbauer was the owner of the premises; which being true, and there being no evidence of the alienation of his title, the presumption is that

he was such owner November 27, 1897, when plaintiff in error recovered judgment against him, and therefore that the judgment became a lien on the premises, subject to the mechanics' liens and the lien of the trust deeds.

Plaintiff in error claims, finally, that the negotiation of the loan from Schintz and the execution to him of the notes and trust deeds having all occurred at the same time, must be regarded as parts of the same transaction, and that Schintz having advanced the $500 to Holzbauer generally, as if only one note had been executed, and not having applied it to either note, it must be regarded as paid on both notes, and that he, as the owner of the $2,500 note, and Schilling as the owner of the $500 note, are entitled to liens to the extent of $500 and interest, the lien of each to be in the proportion which the amount due him bears to the total indebtedness of $3,000; in other words, that plaintiff in in error is entitled to a lien for five-sixths of the $500 and Julius Schilling to a lien for one-sixth thereof. We are of opinion that this contention must be sustained. Holzbauer testified that he got a check for $500 from Schintz on account of the $3,000 loan, but also testified that when he received the $500 from Schintz he thought he would apply it on the $500 note, but says that this was merely what he thought, what he intended, but that he said nothing to Schintz or any one about his intention, and it does not appear from the record that he ever did or said anything indicating an intention so to apply it, until he testified before the master. Counsel for defendant in error Schilling, now contend that Holzbauer's unexpressed, unindicated thought or intention was an appropriation binding on plaintiff in error. We think it clear that it was not. Parsons, in his work on Contracts, says:

"It is not necessary that the appropriation of the payment should be made by an express declaration of the debtor; for if his intention and purpose can be clearly gathered from the circumstances of the case, the creditor is bound by it. If the debtor, at the time of making a payment, makes also an entry in his own book, stating the payment to be on a particular account, and *shows the entry to the*

*creditor*, this is a sufficient appropriation by the debtor.
But the right of election of appropriation is not conclusively
exercised by entries in the books of either party until those
entries are communicated to the other party." 2 Parsons
on Cont. (6th Ed.), Sec. 630.

In 2 Am. & Eng. Ency. of Law (2d Ed.), 448, the rule is
thus stated :

" The communication need not be expressed in writing,
nor in any technical or formal words, nor delivered in any
particular manner. It will be sufficient if the intention is
manifest, and that it comes to the knowledge of the other
party."

In Harker v. Conrad, 12 S. & R. (Pa.), 301, 305, the court
say :

" Although as between the immediate parties the cred-
itor has a right to appropriate when the debtor has failed
to do so, yet this right must be exercised within, at the
furthest, a reasonable time after the payment, and by the
performance of some act which indicates an intention to
appropriate. It is too late to attempt it at the trial," etc.

In United States v. Kirkpatrick, 9 Wheaton, 721, 737,
Mr. Justice Story, delivering the opinion, says :

" It is certainly too late for either party to claim a right
to make an appropriation after the controversy has arisen,
and *a fortiori* at the time of the trial."

There having been no appropriation by either Holzbauer
or Schintz, the $500 must be appropriated in accordance
with equitable principles, and plaintiff in error and Schil-
ling being both innocent purchasers for value, and the debt
being single, namely, for $3,000, although evidenced by
two notes, we are of opinion that they are entitled to liens,
as heretofore stated. The note for $2,500 held by Reiss
was introduced in evidence before the master, and reads as
follows : " Five years after date, if for value received, I
promise to pay to the order of myself," etc. The question
was contested before the master whether the word " if,"
between the words " date " and " for," was written before
or after the note was signed. The master and the court
both found that it was unnecessary to decide that question,
presumably on the ground that the payment of $500 by

Schintz to Holzbauer was, at least, in part consideration of the note. However this may be, we are of opinion that the preponderance of the evidence is against the theory that the word "if" referred to, was in the note when it was signed.

The decree, in so far as it dismisses the answer in the nature of a cross-bill of Otto Reiss, plaintiff in error, and also in so far as it decrees that the trust deed executed by Holzbauer and wife to Schintz, of date May 24, 1897, to secure payment of the $2,500 note held by said Reiss, be set aside as a cloud on the title, is reversed, and the court is directed to decree that Otto Reiss has a prior lien on the premises, exclusive of the buildings thereon, for five-sixths of the sum of $500 and interest from May 24, 1897, and that Julius Schilling has a lien on said premises, exclusive of the buildings thereon, for one-sixth of $500, with interest from May 24, 1897, and to decree distribution of the proceeds of the sale of the premises accordingly, and if there shall be any surplus of the proceeds of the sale of the premises, after payment of the claims of Julius Schilling, Otto Reiss, and the other claimants named in the decree, the court is directed to order such surplus to be paid into court subject to the further order of the court, when the issue between Otto Reiss and Joseph P. Holzbauer on the common law side of the court, in respect to the judgment recovered by said Reiss against said Holzbauer, shall be finally determined. In other respects the decree is affirmed; plaintiff in error to recover his costs of this court. Affirmed in part and reversed in part, with directions.