ASSOCIATED LUMBER INDUSTRIES, INC., d/b/a Associated Lumber, Plaintiff-Appellant, *v.* NELSON GRAMMER *et al.*, Defendants-Appellees.

Fifth District   No. 77-134

Opinion filed October 20, 1977.

Barbara A. Jones and David W. Watt, Jr., of Hendricks & Watt, of Murphysboro, for appellant.

Wolff, Jones & Lawder, of Murphysboro, for appellees.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Plaintiff-appellant, Associated Lumber Industries, Inc. appeals from a judgment in the Circuit Court of Jackson County denying their claim for foreclosure of a mechanic's lien under the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, pars. 1—39) against the defendants-appellees, Nelson and Ethel Grammer.

■■ The issues in this appeal are whether plaintiff's prior personal judgment against the contractor amounts to an election not to proceed under the Mechanics' Liens Act; whether the plaintiff-creditor can

recredit and redebit various accounts after it has communicated the application of funds to the debtor-contractor; and whether the plaintiff sufficiently proved delivery of the material. The defendants also argue that notice which was mailed to the defendant-owners did not comply with section 24 of the Act (Ill. Rev. Stat. 1975, ch. 82, par. 24), since the notice contained an incorrect and incomplete description of the property. Because this notice argument was never raised in the trial court, we will not consider it in reaching a decision.

The testimony presented at trial established that in May of 1974, Nelson and Ethel Grammer hired their nephew, Jerry Grammer under an oral contract to construct a new home. Because Jerry Grammer represented that he could receive a 10-percent discount from Associated Lumber Industries, Inc., the owners agreed to pay Jerry Grammer directly for the purchase of building materials. Ethel Grammer wrote three checks payable to Jerry Grammer for building material—$4,000 on March 29, 1974, $4,258 on June 21, 1974, and $990 on June 28, 1974. According to the testimony of plaintiff's manager, Donald Milton, Jerry Grammer had various accounts with plaintiff. Milton testified that he applied funds from various Jerry Grammer accounts to other Jerry Grammer accounts in order to keep these several accounts current. He stated that he did this because he liked Jerry Grammer and because it looked good for him to have current accounts. While Mr. Milton at first stated that he had received no inquires about the amount due on Nelson Grammer's account, he admitted that someone at Associated Lumber Industries, Inc. must have given a representative of Nelson Grammer a balance due. Milton admitted that if someone were to inquire, he would have told them that $5,754.34 was due. On November 12, 1974, Ethel Grammer wrote a check for $5,754.34 payable to Associated Lumber Industries, Inc. Jerry Grammer testified that he had asked Associated's assistant manager for the balance due and that he informed the Nelson Grammers of this figure which was the balance due. Donald Milton admitted that if someone had inquired about this balance after Associated received this check, he would have been told that the balance was zero. On November 18, 1974, Milton redebited and recredited various Jerry Grammer accounts. His records then showed $9,035.16 due on the Nelson Grammer job.

The plaintiff mailed a notice of the subcontractor's lien on January 3, 1975, and subsequently filed a suit to foreclose claiming $9,035.16. This amount was amended to $8,000 at trial. Nelson and Ethel Grammer presented two affirmative defenses: first, that the account had been paid in full; second, that this action was barred by Associated's previous judgment against Jerry Grammer. In his order dismissing plaintiff's claim,

the trial court noted that "plaintiff corporation did * * * receive a [prior] judgment against Jerry Grammer covering all the matters in issue."

Section 28 of the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 28) states:

> " * * * All suits and actions by sub-contractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court by process or publication * * *. All such judgments, where a lien is established shall be against both jointly* * *."

The plaintiff argues that this previous judgment against the contractor personally should not bar this action unless there had been a recovery on the previous judgment. Defendant argues that by seeking a judgment against contractor alone, the plaintiff elected not to proceed under the Mechanics' Liens Act. In complying with section 28 of the Mechanics' Liens Act, the plaintiff was correct in naming Jerry Grammer, the contractor, as a defendant in the foreclosure suit along with the owners. However, the plaintiff could not recover a judgment against the contractor since a previous judgment had been entered against him. However, it is not necessary to reach these points raised by the litigants in the instant case because the question of the prior judgment need not be considered.

■■ The plaintiff asserts that the issue of plaintiff's method of bookkeeping is a "red-herring to distract the court's attention from the facts." The plaintiff argues that when a debtor fails to direct payment of funds to specific accounts, the creditor may apply the funds to keep the accounts current. (*Village of Winfield ex rel. Harry W. Kuhn, Inc. v. Reliance Insurance*, 64 Ill. App. 2d 253, 212 N.E.2d 10.) While we agree with the plaintiff's statement of the law, we do not agree that this rule applies to this situation. Although a creditor is not bound by his own uncommunicated application, he is bound once he communicates this application to the debtor. Section 1799 of Williston on Contracts (3d ed. 1972) states: "There is no doubt that if the creditor communicates to the debtor in any way a decision to make a particular application, his power is completely and finally exercised." Section 392 of the Restatement of Contracts (1932) states: "An application of a payment once rightfully made by one party, cannot thereafter be changed without the manifested assent of the other." (See also *Reiss v. Schermer*, 87 Ill. App. 84.) According to the manager's own admission, a representative of the debtor had to have inquired about the amount due on the Nelson Grammer account. The amount that the Grammers paid is precisely the amount that was showing due on the account, $5,754.34. Since the creditor had communicated the application to the debtor, he is bound by his own

applications. The Nelson Grammer account was paid in full and could not be redebited.

■■ The defendants also argue that the plaintiff failed to prove delivery of the materials at the building site. Due to our resolution of the above issues, we do not need to decide whether the proof of delivery was adequate. We do note, however, that on half of delivery slips neither the space for the signature of the delivery person nor the signature of the receiver were filled. Since the lumber yard failed to follow their own procedure for proving delivery, we do not think these slips prove the delivery in the normal course of business.

The judgment of the Circuit Court of Jackson County is affirmed.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.