J. H. MOOSE et al, Executors of G. H. BARNHARDT, v. W. S. MARKS.

*Action on Note—Application of Payments.*

1. Where a creditor holds two or more claims against a debtor, the latter may direct the application of a payment to either of the debts; if he does not do so, the creditor may make the application; if the latter fails to do it, the law will apply it to the debt with the least security.

2. Where a creditor holding two notes against the defendant, one as executor and the other as assignee in his individual right (the latter without defendant's knowledge) and in answer to a request for a remittance made on the ground that "one of the heirs" needed it, defendant sent a check saying, "I send you this amount to relieve the heir in distress;" *Held*, that the payment should be applied on the note held by plaintiff as executor.

This was a CIVIL ACTION, tried before *Robinson, Judge*, at Spring Term, 1895, of STANLY Superior Court.

The action is for $64.58, balance due on a note for $600, secured by mortgage on defendant's real estate. This note was executed to plaintiff's testator, G. H. Barnhardt, and was held and sued on by the plaintiff as executor of Barnhardt.

The evidence was that the defendant sent, on the 3rd of March, 1893, to the plaintiff $57.50 in the following letter :

ALBEMARLE, N. C., March 3, 1893.

MR. MOOSE,

*Dear Sir :* Inclosed find check for $57.50, which came to me to-day. I will send you some more as soon as I can raise it. I have a very sick child, so I can't leave home yet.

Yours,                W. A. MARKS.

116—50

The following letter, dated December 24, 1892, from the plaintiff to the defendant was introduced by the defendant and admitted by the plaintiff:

DRY'S MILLS, N. C., December 24, 1892.

W. A. MARKS, *Albemarle, N. C.*

*Sir :* Will you be so kind as to send me a check for $75, as one of the heirs is in a strain and needs it very much.

If possible send that am't. Will be very much obliged. If you cannot, send all you can.

Yours, etc., J. H. MOOSE.

The defendant testified that in response to said letter he sent the plaintiff the $57.50 mentioned above. Defendant further testified that he did not know, at the time he sent the said sum of money, that plaintiff held another note, or any other evidence of indebtedness against the defendant.

It was admitted that the plaintiff applied the said payment to another note held by him, executed by the defendant to one J. W. Hardister, which had been transferred to plaintiff.

$51.55.

One day after date I promise to pay to the order of J. W. Hardister the sum of fifty-one and 55-100 dollars at 8 per cent. interest per annum from date until paid.

This note is given for the am't paid by the said J. W. Hardister to J. W. Moose, executor of G. H. Barnhardt, which am't is credited on a $600 note given by W. A. Marks to E. & F. Mauney, December 10, 1889.

This 28th day of April, 1892. W. A. MARKS. [Seal.]

On back of note is the following:

Pay to the order of J. F. Moose, executor G. H. Barnhardt, without recourse on me. J. W. HARDISTER.

Rec'd principal and interest on within note March 4, 1893.

The plaintiff testified that he owned the above note individually in his own right and paid for said note by paying a certain debt for which he was security for said Hardister.

The Court charged the jury that plaintiff had a right to apply the said sum of $57.50 to the Hardister note.

To this charge the defendant excepted.

There was a verdict and judgment for plaintiff, from which defendant excepted and appealed.

*Messrs. Montgomery & Crowell*, for plaintiff.
*Messrs. Brown & Jerome*, for defendant (appellant).

FAIRCLOTH, C. J.: It is agreed all around that the debtor may direct the application of his payment, and on his failure to do so the creditor may make the application, and if he fails then the law will make it to the debt with least security.

Here, the plaintiff held a note for $600 in his right as executor against defendant and another for a less amount as assignee in his individual right; the latter holding however was unknown to the defendant. The plaintiff applies by letter for $75 " as one of the heirs is in a strain and needs it very much." The defendant answers " Find check for $57.50. I will send you some more as soon as I can raise it," which was equivalent to saying, " I send you this amount to relieve the heir in distress", and in legal effect was a request to apply it on the $600 note, and good faith required that it be done.

Judgment Reversed.