The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE WALKER.
This case was before use at a former term, under the (163) title of Stone Co. v. McLamb, 153 N.C. 378. We then held that Mrs. M. M. Vann, a feme covert, was liable for the debts of the firm of McLamb Co., under the statute, Revisal, sec. 2118, and that the order appointing a receiver of the partnership effects was erroneous and should be vacated, and the property, which was under mortgage to A. D. Rich, should be restored to him. The case was remanded for the settlement of the other matters involved. The parties thereupon agreed that an issue be submitted to a jury to ascertain if a payment of $333, made by McLamb Co. to Rich, should be applied to the debt of the firm, amounting to $1,650, which is secured by his mortgage, or to an unsecured debt of $300 held by him against McLamb 
Co. The jury returned the following verdict: "Should the $333 credited to A. D. Rich on page 453 of the ledger be applied to the mortgage debt of McLamb Co. to A. D. Rich? Answer: Yes." The court adjudged, upon the verdict, that the payment be so applied. *Page 134 
The defendant's exception raises the question whether there was any evidence to show that he had been instructed by the firm to so apply the payment, he having requested the court to charge substantially that there was none. We have examined the testimony carefully, and have failed to find any evidence to sustain the charge of the court or the verdict of the jury. The most that can be made of it, when considered favorably to McLamb Co. and the other interested parties, is that the firm made some payments, at different times, aggregating $333 and entered them upon its books as credits on the mortgage notes, but did not direct Rich how to apply them, and Rich did not know of the entries until some time after they were made, when he promptly objected to them. It was then agreed that they should be applied to the unsecured debt. It is admitted that Rich did not apply the payments to either of the debts.
There is no rule in the law better settled than the one in regard to the application of payments:
1. A debtor owing two or more debts to the same creditor, and making a payment, may, at the time, direct its application to any one of the debts. The right is lost if the particular application is not (164) directed at the time of the payment.
2. If the debtor fails to make the application at the time of the payment, the right to apply it belongs to the creditor.
3. If neither debtor nor creditor makes it, the law will apply it to the unsecured debt or the one for which the creditor's security is most precarious, or, as sometimes expressed, according to its own view of the intrinsic justice and equity of the case. Sprinkle v. Martin, 72 N.C. 92, and cases cited; Vick v. Smith, 83 N.C. 80; Moss v. Adams, 39 N.C. 42;Jenkins v. Beal, 70 N.C. 440; Ramsour v. Thomas, 32 N.C. 165; Wittkowski v.Reid, 84 N.C. 21; Long v. Miller, 93 N.C. 233; Lester v. Houston,101 N.C. 605; Pearce v. Walker, 103 Ala. 250.
The weight of authority is that the debtor must direct the application at or before the time of his payment, and that he cannot do so afterwards. 30 Cyc., 1230, and cases in note. A direction by the debtor as to the application of payments may be shown by an express agreement with the creditor, by the declaration of the debtor, or it may be implied from circumstances showing the debtor's intention at the time of payment. 30 Cyc., 1230. Again: The communication need not be expressed in writing, nor in any technical or formal words, nor the instruction delivered in any particular manner. It will be sufficient if the intention is manifest, and that it comes to the knowledge of the other party at the proper time. 2 Am. and Eng. Enc. of Law (2 Ed.), 448. "It is certainly too late for either party to claim a right to *Page 135 
make an appropriation after the controversy has arisen, and a fortiori at the time of the trial." U.S. v. Kirkpatrick, 9 Wheaton (U.S.), 721, 737.
When a party, indebted to another on more than one account, makes a partial payment, the burden of proving that at or before the time of such payment he directed its application to a particular debt, as pleaded by him, and that this direction was made known to his creditor, is upon the debtor. Pearce v. Walker, supra.
Coming to the special facts of this case, it is said in Parsons on Contracts (6 Ed.), sec. 630: "It is not necessary that the appropriation of the payment should be made by an express declaration of the debtor; for if his intention and purpose can be clearly gathered (165) from the circumstances of the case, the creditor is bound by it. If the debtor, at the time of making a payment, makes also an entry in his own book, stating the payment to be on a particular account, and shows the entry to the creditor, this is sufficient appropriation by the debtor. But the right of election of appropriation is not conclusively exercised by entries in the books of either party until those entries are communicated to the other party." But the cases nearest to the present in matters of fact are the following: Manning v. Westerne, 2 Vernon, Ch., 606 (23 Eng. Reprint, 996), where it appeared that defendant, being indebted to plaintiff on specialty and also by simple contract, or a running account, made several payments of sums in gross, and entered them in his own book as paid upon the specialty. It was better for the debtor that the payment should go to the simple contract, which did not bear interest. The Lord Chancellor said: "Although the rule of law is that quicquid solvitur, solvitur secundum modum solventis; yet that is to be understood, when at the time of payment he that pays the money declares upon what account he pays it; but if the payment is general, the application is in the party who receives the money, and the entries in the defendant's books are not sufficient to make the application." So in Frazer v. Bunn, 8 Carr. and P., 704 (34 E. C. L., 592), where a performer at a theater had arrears of salary due to him, and a payment was made to him without any direction at the time as to its application, it was held that an entry by the debtor in his books was not a sufficient direction unless brought to the creditor's knowledge at the time; otherwise, if he had stated for what specific portion of the indebtedness it was intended, or had the entry been made known to the creditor, in which case it would have been evidence of such an appropriation as would be binding on the creditor. Lord Abinger said: "If Mr. Jones had expressly paid this for what was due to the plaintiff between February and June, the plaintiff would have been out of court; but so far from that, he states that he did not tell the plaintiff on what account he paid *Page 136 
it, neither did he show him the book. If he had shown the plaintiff the book in which he had entered it as for a particular period, that (166) would be evidence of appropriation; but that was not so, and I think that the plaintiff is at liberty to apply those payments to the other parts of what had been due to him, and that, therefore, he may recover for the rest of his claim, which is within the dates stated in the particulars."
In a case with substantially the same facts, Terhune v. Colton, 12 N.J. Eq. (1 Beasley), 232, the Court, after stating the general rule as to the appropriation of payments, held that while the intention of the debtor to apply the payment to a particular debt or part of a debt may be shown by circumstances attending the act of payment, they must be known to the creditor, or the intention to do so must be signified to him in some way, and that an entry in his own books of account by the debtor is insufficient to determine the application in his favor, as he had not, by showing the entry to the creditor, or otherwise, indicated his intention as to how the money should be applied.
The result of the cases is that an undisclosed intention to apply the payment will not do. The right of the creditor to apply the payment, when the debtor by his silence has lost control of it, is stated more in detail by Justice Rodman in Jenkins v. Beal, supra: "The rule is that where a debtor owes several debts to a creditor and makes payments, he may appropriate the payments to any of the debts he may please; but if he fails to do so at the time, the creditor may appropriate them as he pleases (subject to some exceptions not material here) at any time before he brings suit for the balance." And in another case the Court held: "Although as between the immediate parties the creditor has a right to appropriate when the debtor has failed to do so, yet this right must be exercised within, at the furthest, a reasonable time after the payment, and by the performance of some act which indicates an intention to appropriate. It is too late to attempt it at the trial." Harker v. Conrad, 12 S. R. (Pa.), 301; Reissv. Scherner, 87 Ill. App. 84.
Where neither party has exercised his right of appropriation, and a dispute subsequently arises, the court will make the application, (167) as we have seen, and in doing so will, as a general rule, apply the payment to the debt which is unsecured or the least secured, upon the assumption that the debtor would desire to pay all his debts, and this disposition of the credit most nearly accomplishes that result, or, in other words, the law pursues this course, as it intends that all men shall be honest and fully perform their just obligations, and adopts this method as the one which an honest man would unselfishly choose, if left to himself to act in the premises. It simply does what the debtor should have done if prompted by just motives. Leeds v. Gifford, 41 N.Y. Eq., *Page 137 
464; Turner v. Hill, 56 N.J. Eq., 293; Terhune v. Cotton, 1 Beasley (12 N. J.), 238, in which cases the law upon this subject is clearly stated with peculiar reference to the same state of facts as are presented in this case.
As the burden was upon McLamb Co. to show that they had directed how the payment should be applied at the time it was made, and as the mere entries, without the knowledge of A. D. Rich, were, in law, insufficient to show such an appropriation of the money, the court should have instructed the jury that there was no evidence of an appropriation by the debtor, McLamb Co., and to answer the issue "No," as the law applied the payment to the unsecured debt or open account. For this error, the verdict and judgment thereon are set aside.
It appears that while the issue was found against the defendant A. D. Rich, and judgment entered thereon that the payment, $333, be applied to the mortgage debt, the Court has given a final judgment in favor of A. D. Rich, by dismissing the action as to him and taxing the plaintiff with the costs of said defendant. As our decision disposes of the principal question in the case and is given upon facts virtually admitted, or at least uncontroverted — that is, the book of McLamb Co., and the oral testimony, which the parties agreed should be decisive of their rights, so far as the application of the payment is concerned — the defendant A. D. Rich would seem to be entitled to the final judgment. It will, therefore, be allowed to stand, and the action is dismissed as to him.
The plaintiffs have called our attention to the anomaly presented in this case, of a verdict against Rich and judgment on the same, and then a final judgment in his favor. With this before him; he expresses a doubt as to Rich's right of appeal and some wonder at the (168) course of the proceeding. We have decided the question, as to the payment, to prevent any prejudice to the defendant A. D. Rich likely to grow out of the verdict and judgment thereon, which he should have the right to review by appeal, and by holding that our decision disposes of the merits of the case in so far as Rich is affected. We thus sustain the final judgment, as consistent with our decision upon the payment, and thus reconcile what was done with orderly procedure. Appellees will pay the costs of this Court.
Action dismissed.
Cited: French v. Richardson, 167 N.C. 44. *Page 138