### F. J. FRENCH v. G. T. RICHARDSON.

(Filed 17 October, 1914.)

1. **Reference—Report—Omission of Findings—Approval of Trial Judge— Conclusions of Law—Appeal and Error.**

   Where the report of a referee fails to find a material fact necessary to the determination of the controversy, and his report has been approved by the court without further finding, and the judgment appealed from, the affirmation of the report by the lower court will have no conclusive effect, and this Court will remand the case, to the end that the necessary fact be found; and while the conclusions of law found by the referee in this case seem to regard the fact as found, the Court will not supply the omission or pass upon the matter.

2. **Limitations of Actions—Reference—Debtor and Creditor—Application of Payment—Intent—Trials—Evidence.**

   In an action by the mortgagor against the mortgagee for an account, etc., it appeared that the parties had various and sundry dealings, the defendant mortgagee keeping the accounts, and there was evidence tending to show that certain credits were made by him on the mortgage note in time to prevent the running of the statute of limitation in plaintiff's favor, with conflicting evidence as to whether the plaintiff had authorized these credits to be made upon the note, some of it tending to show that the plaintiff had contended that the credits should be in a larger amount. *Held*, the direction of the creditor as to the application of his payment may be express or deduced from circumstances tending to show his inten-

tion; and in this case the question was one of fact as to the authority of the defendant creditor to enter the credit upon the note, which should have been passed upon and determined by the referee.

APPEAL by defendants from *Daniels, J.,* at May Term, 1914, of CRAVEN.

This action was brought to cancel two mortgages and to set aside a sale of the land made under one of them. Plaintiff borrowed the money and paid off one of the mortgages. The other mortgage was given by plaintiff to defendant on 5 March, 1892, to secure three notes for $50 each, with interest, and due respectively 15 December of the years 1892, 1893, and 1894. The parties had had various and sundry dealings and transactions, the defendant, by consent, keeping the account and making all entries of debit and credit. The three notes were written on one sheet of paper, and in June, 1898, it was found from the balance sheet that defendant owed plaintiff $1.75, which the former credited on the three notes, and in December, 1905, he also credited $2.50, due by him to plaintiff for work and labor of his son, Lewis French. The plaintiff pleaded payment and the statute of limitations to the three mortgage notes, and the question arose, whether the credits had been placed upon the notes by the consent and authority of the plaintiff.

The cause was referred to the Hon. Charles R. Thomas to take and state an account between the parties of all their dealings. He filed a report and found that the plaintiff had not paid the three mortgage notes, and that they were not barred by the statute, but were existing obligations of the plaintiff. He recommended that the sale under the mortgage be set aside and a resale ordered, as defendant bought at his own sale, unless plaintiff paid the debt secured thereby. The report is a very able and intelligent one, disposing of each and every contested item of a long and very difficult account with fine discrimination and judgment. The court approved all the findings of the referee, but reversed his conclusion of law, that defendant was entitled to foreclose the mortgage by sale to pay the $150 indebtedness due by the three notes, and adjudged that the sale under it be set aside and the notes and mortgage be canceled. Defendant appealed.

*No counsel for plaintiff.*
*D. L. Ward for defendant.*

WALKER, J., after stating the case: The judgment seems to have been based upon the ground that the debt secured by the mortgage was barred, because the entry of credit on the notes was not authorized by the debtor. If his Honor thought that there was not a sufficient finding of the fact as to authorization, he was right; but he should not have concluded therefrom that the debt was barred, the proper course being

to find the fact from the evidence, one way or the other, or to recommit the case to the referee, with directions to make a more specific finding of the fact. If the learned judge thought there was no evidence of such authorization, he was in error, as we think there was sufficient evidence for the consideration of the referee and judge. It may be doubted, though, if the learned referee has distinctly found the ultimate fact, viz., that plaintiff authorized the credit to be entered on the notes. He made a supreme effort to prove that he was entitled to a larger credit, by reason of the fact that a greater balance was due, and even insisted that he was entitled to a larger credit for his son's services. There is much evidence of the same kind, showing, or rather tending to show, that such authority existed. We must send the case back for a definite finding of the ultimate fact of authorization, as we cannot safely infer from the referee's report that he intended to find, as a fact, that the credit was entered upon authority received from the plaintiff to that effect, or whether that was his legal inference. We are convinced that the referee, in his own mind, so found, and intended that we should understand his report by the language we find in his conclusions of law. He says: "The partial payments credited upon the notes by defendant G. T. Richardson were credited under such circumstances as to warrant the inference that the debtor recognized the debt as then existing, and his intention to pay the balance. It was a *voluntary* payment of the debtor, or *authorized* by him. There is nothing to indicate the contrary. The accounts were all kept by G. T. Richardson, with the knowledge and concurrence of the plaintiff, so as to make the credit a payment. *Supply Co. v. Dowd*, 146 N. C., 196." But we may do an injustice by thus construing his report, as he may have intended this as his legal conclusion from the facts. There is an excellent résumé and analysis of the evidence in the report, the evidence itself not having been set up; but however strongly it should convince us that the entries of the credits were authorized and that the referee intended to so find, we would unduly risk something, at the expense of the plaintiff, if we should undertake, ourselves, to declare that the testimony so conclusively established an authorization as to require us to declare the fact to be in accordance with this trend of the evidence, however irresistible it may be, or to construe the report with a view of declaring what was the referee's intention. It is far better to let him make the findings distinct, rather than attempt to solve the doubt as to the true meaning. We therefore prefer, in the interest of justice and a decision of the case upon its real merits in conformity with settled procedure, to have a specific statement of the referee upon this point.

We may add, though, that the doctrine as to the application of payments is now a familiar one. The debtor, at or before the time of the

payment, has the right to direct its application. If he fails to do so, the creditor may apply it at his option to any existing debt, and in case he fails to exercise his right thus acquired, the law will make the application to the most precarious debt, or, as is sometimes said, the court will make the application in such manner, in view of all the circumstances of the case, as is most in accord with justice and equity, and will best protect and maintain the rights and interests of the parties. 30 Cyc., 1227, 1240 to 1247; *Jenkins v. Beal,* 70 N. C., 440; *Sprinkle v. Martin,* 72 N. C., 92; *Moss v. Adams,* 39 N. C., 42, and *Stone v. Rich,* 160 N. C., 161, where the subject is fully discussed and the cases cited. The first and paramount right of appropriation of the payment rests with the debtor, and his will and direction may be shown, not only by an express agreement or a distinct application of the payment to the debt or a simple declaration as to how it shall be applied, but it may be deduced from circumstances tending to show his intention. 30 Cyc., p. 1230; *Moose v. Marks,* 116 N. C., 542; *Roaks v. Bailey,* 55 Vt., 542; *Pearce v. Walker,* 103 Ala., 250. The evidence in this case is sufficient to prove, by the course of dealings between the parties throughout a long serious of years and otherwise, that plaintiff intended and directed the balance due him by defendant to be applied to the debts owing by him to the latter; but the referee must find the fact, as we do not pass upon the evidence in the first instance, however clear and strong it may be. Nothing that we have said in this opinion should influence the referee, one way or the other, in making his finding.

The judgment will, therefore, be set aside, with costs against the plaintiff, and the judge will remand the case to the referee under a dirction to find clearly and decisively, from the evidence already taken by him, as to the question whether the plaintiff authorized the credits to be placed upon the notes. In all other respects, not inconsistent with this opinion, the findings and rulings of the referee and the judge are approved and confirmed; and the single question reserved for future decision, if the case should find its way back to this Court, will be as to the decision upon the question whether the credits were authorized by the plaintiff. As to this, either party may except to the ruling and appeal from the final judgment, if so advised.

We recognize the well-settled practice in this Court to the effect that we will not, generally, review findings of fact by a referee, when they have been approved by the judge (*Harris v. Smith,* 144 N. C., 439; *Fry v. Lumber Co., ibid.,* 759), but this case is not within that rule, as here the finding of the ultimate and determinative fact, as to the consent of plaintiff to the entry of the credits, is not definitely stated by the referee, and, therefore, approval of his findings by the judge does not add any force thereto, in that respect, or tend to clarify its meaning.

Error.