### BOLLIN BAKER v. W. D. P. SHARPE, Sr.

(Filed 20 September, 1933.)

**Payment B a — Evidence as to instruction for application of funds to debt being conflicting, directed verdict is held erroneous.**

> Plaintiff was defendant's tenant farmer, defendant advancing money to plaintiff, and the parties sharing the crops equally. The operations for one year resulted in a balance due from plaintiff to defendant in a certain sum. The operations for the next year resulted in a profit and a sum due plaintiff by defendant. There was conflicting evidence whether plaintiff instructed defendant to apply the amount due plaintiff from the second year's operations to the debt due defendant by plaintiff from the first year's operations, defendant claiming that plaintiff had instructed him to apply the surplus to the debt. *Held,* a directed instruction in the plaintiff's favor was erroneous, the evidence as to the direction for the application of the funds being conflicting.

APPEAL by defendant from *Parker, J.,* at February Term, 1933, of WILSON. New trial.

This is an action brought before a justice of the peace, by plaintiff against the defendant, to recover a balance due him on a tenancy agreement for the year 1932. Defendant contended that the sum due plaintiff for 1932 was applied on a balance due him for 1931. Judgment was rendered in the justice of the peace court for plaintiff and against defendant, and defendant appealed to the Superior Court, where the matter was heard *de novo.*

The evidence was to the effect that the plaintiff, appellee, tenant, and the defendant, appellant, landlord, had a tenancy agreement for the years 1930, 1931, and 1932; that said agreement provided for a division of proceeds from the sale of crops on the basis of one-half to the tenant, one-half to the landlord. The landlord, retained all moneys received from the sale of said crops and made monetary advances to the tenant from time to time, said advances being made from the one-half due the tenant. In 1931 the tenant was in arrears by reason of said tenancy in the sum of $146.00. The record discloses that "it is admitted by the defendant and plaintiff that the plaintiff was to have one-half of the crop raised upon the lands during the year 1932 as his part of the

crop. The crops were sold by the defendant; after the defendant had deducted from the proceeds of the sale the plaintiff's one-half interest in the crop, there remained the sum of $146.00 out of the plaintiff's one-half share in the crop after the plaintiff had paid for all of the advances for the year 1932."

The defendant landlord credited the amount due the tenant plaintiff, $146.00, on his past due indebtedness. The court below charged the jury as follows: "Gentlemen of the jury, there is one issue being submitted to you in this case, which reads as follows: 'In what amount is the defendant indebted to the plaintiff?' If you find the facts to be as all the evidence tends to show and by its greater weight you will answer the issue, 'In what amount is the defendant indebted to the plaintiff?' in the sum of $146.00. I charge you, gentlemen, as a matter of law, if you find the facts to be as all the evidence tends to show and by its greater weight you will answer the issue, $146.00." The jury answered the issue $146.00. Judgment was rendered on the verdict. The defendant excepted, assigned error to the charge of the court below, and appealed to the Supreme Court.

*George W. Tomlinson and Charles M. Griffin for plaintiff.*
*Sharpe & Grimes for defendant.*

PER CURIAM. The plaintiff testified, in part: "Asked for settlement but Sheriff Sharpe would not give me one. I asked him for $146.00. He would not give it to me. Said I owed it to him on back account. I had never said anything about paying his back account." On cross-examination: "Q. What was said to you, if anything, about paying the account of 1931? There wasn't anything said about it. I never mentioned it. He never mentioned it to me. Did not say anything about it. . . . Q. Did you specify on which account it was to be applied? Yes, I think I notified him. Told him I wanted it put on this last gone year. Told him along about the first tobacco I sold sometime in September. That was the only time I said anything to him about it. I didn't say anything to him about it until I got through paying this year's, last year's, expenses."

The defendant testified, in part: "I said 'What do you want done with it?' He says, 'I want so much money and pay the other on my account.' The first time I had notice that there was no settlement was when I got the summons. Baker never said anything about applying the money on any particular account."

The principle of law is thus stated in *Stone v. Rich,* 160 N. C., 161 (163-4): "There is no rule in the law better settled than the one in regard to the application of payments: (1) A debtor owing two or more debts to the same creditor and making a payment, may, at the time,

direct its application to any one of the debts. The right is lost if the particular application is not directed at the time of the payment. (2) If the debtor fails to make the application at the time of the payment, the right to apply it belongs to the creditor. (3) If neither debtor nor creditor makes it, the law will apply it to the unsecured debt or the one for which the creditor's security is most precarious, or, as sometimes expressed, according to its own view of the intrinsic justice and equity of the case," citing numerous authorities. *Supply Co. v. Plumbing Co.*, 195 N. C., 629.

We think the exception and assignment of error made to the charge of the court below by defendant, must be sustained. We think that there was conflicting testimony as to the application of the money, and it was a question for the jury to determine. For the reasons given, there must be a

New trial.