RUFUS J. PICKETT v. A. M. RIGSBEE AND MRS. LELIA R. REZNER.

(Filed 23 March, 1960.)

1. **Bills and Notes § 7—**

Persons who execute an instrument in writing to secure the payee of a series of notes for loans made or any advances which the payee might make to the maker, recognizing "this indebtedness as if it were our own" become jointly liable with the maker and are sureties and not guarantors, but the instrument cannot change the obligation of the maker from liability on the series of notes to liability on a single debt in the aggregate amount of the notes, and the statute of limitations runs in favor of the maker and such sureties on each note separately.

2. **Bills and Notes § 15—**

Where notes are not under seal the fact that a subsequent instrument, constituting strangers to the notes sureties of payment, is executed under seal does not make the ten-year statute applicable, G.S. 1-47, since by the express terms of that statute it is applicable only to principals, and the three-year statute, G.S. 1-52, applies to the sureties.

3. **Same: Limitation of Actions § 13—**

Payments made on a note prior to the effective date of Chapter 1076, S.L. 1953 by one person primarily liable has the same legal effect as a written promise and starts the statute of limitations running anew as to all persons primarily liable thereon as of the date of such payment, action on the note not being barred at the time of the payment.

4. **Payment § 3—**

Where payments are made by the maker of a series of notes under an agreement that such payments were to be applied to all the notes, such payments being held by the payee without application to any specific note, such payments will be applied by the law rateably to each of the notes so as to start the statute of limitations running anew as to each note, since neither the debtor nor the creditor having directed application of payment, the law will make such application as will best protect and maintain the rights of the interested parties.

5. **Bills and Notes § 15—**

Where the evidence discloses that more than three years elapsed subsequent to the last payment by the maker, allocated by the law to each of a series of notes executed by the maker, a peremptory instruction that the payee's action against the sureties was barred cannot be held for error.

6. **Bills and Notes § 15: Limitation of Actions § 13— Under 1953 statute, payment by maker without knowledge or ratification of sureties does not bind sureties.**

Payments made on a series of notes by the maker prior to 1 July 1953, the effective date of Chapter 1076, S. L. 1953, start the statute running anew as to all persons primarily liable, but payments made by the maker subsequent to that date starts the statute running anew as

to sureties only if they authorize or ratify such payments, and therefore where the evidence discloses without contradiction that one surety arranged a payment by the maker less than three years prior to the institution of the action, a peremptory instruction that as to such surety the action was not barred is without error, but such instruction must be held for error as to another surety when there is no evidence that such other surety had any knowledge of or ratified such payment.

APPEALS by plaintiff and defendants from *Carr, J.,* March Civil Term, 1959, of DURHAM. This cause was docketed and argued at the Fall Term 1959 as No. 668.

This action was begun 18 September 1957. Plaintiff bases his right to recover from defendants on a written instrument reading as follows:

"Durham, N. C.
June 1, 1937.

Mr. Rufus J. Pickett
Durham, North Carolina
Dear Sir:

In recognition of the fact that our father, Mr. R. H. Rigsbee, is indebted to you on account of certain funds which you have loaned or advanced for him, and it being our desire to secure you for said loans or advances or for any advances which you might make, we the undersigned do hereby recognize this indebtedness as if it were our own and do assume full responsibility and liability for same.

Yours very truly,
A. M. RIGSBEE          (SEAL)
LELIA R. REZNER    (SEAL)"

When this instrument was signed and delivered, R. H. Rigsbee, father of defendants, was indebted to plaintiff on six promissory notes dated and in amounts as follows:

(a) Note for $7,139.84 dated 2 July 1928 payable six months after its date. Interest had been credited on this note to 2 January 1933.

(b) Note for $9,500 dated 30 July 1931 payable 90 days after its date. No credits appear on the face of this note.

(c) Note for $3,000 dated 29 September 1931 payable 90 days after its date. No credits appear on the face of this note.

(d) Note for $4,500 dated 27 November 1931 payable 90 days after its date. No credits appear on the face of this note.

(e) Note for $1,229.65 dated 16 December 1931 payable 90 days after its date. No credits appear on the face of this note.

(f) Note for $14,205.19 dated 11 August 1931 payable 60 days after

its date. Payment of this note was partially secured by an obligation of Zoa L. and Charles L. Haywood. Semi-annual credits of $195 beginning 3 July 1946 and continuing until 9 July 1954, dividends on bank stock which was substituted as collateral for the Haywood obligation, were entered on the back of this note. These credits are followed by the statement: "Interest on Principal $4862.03 including prior Int. payments as settlement in full on the Haywood note & deed of trust." On the face of the note is a credit of $4,205.19 on the principal, made 24 September 1954, leaving on that date a principal balance of $10,000.

R. H. Rigsbee paid plaintiff $2,000 in 1933, $2,700 in 1934, $200 in 1935, $1,100 in 1937, $800 in 1938, $1,400 in 1939. In 1940 payments aggregating $1,600 were made during the months of January, February, March, April, May, July, August, and September. On 16 April 1943 R. H. Rigsbee paid plaintiff $1,000. These payments were not credited on the notes. Plaintiff made a record of each of them in a memorandum book kept by him. Debtor gave no direction as to how they were to be applied, nor did plaintiff make any specific application. He held them by agreement as applicable to the entire debt owing to him.

In 1941 R. H. Rigsbee substituted for the Haywood deed of trust, which was collateral to the note of 11 August 1931, stock in the Citizens National Bank of Durham. At the same time he directed the bank to pay the dividends thereon to plaintiff. The bank complied. The first dividend payment was made 1 July 1941; semiannual payments were thereafter made until 8 July 1954. The aggregate of the dividends so paid amounted to $4,873.60. In September 1954, with the consent of R. H. Rigsbee, the stock was sold and the note credited on 24 September 1954 with $4,205.19.

Plaintiff now seeks to recover the debt evidenced by the six notes.

Defendants denied liability. They pleaded the three-and ten-year statutes of limitations and *laches* to defeat plaintiff's claim. Defendants offered no evidence. Plaintiff's right to recover was, by the theory of the trial, made to depend on the lapse of time and the statutes of limitations. Being of the opinion that the ten-year statute of limitations was applicable to that part of the debt evidenced by the first five notes, Judge Carr peremptorily instructed the jury to answer the issue as to the ten-year statute in the affirmative. Being of the opinion that the debt evidenced by the sixth note, that is, the note for $14,205.19 dated 11 August 1931, was not barred by the statute of limitations or by *laches,* he gave a peremptory instruction on these issues favorable to plaintiff, directing the jury to fix the amount due

at $23,625 in accordance with the stipulation of the parties. The jury answered the issues in accordance with the instructions given. Judgment was entered in conformity with the verdict, and the plaintiff and defendants each appealed.

*Basil M. Watkins and Charles B. Nye for plaintiff.*
*Gay, Midyette & Turner and Spears, Spears & Powe for defendants.*

RODMAN, J. Plaintiff's appeal.

The parties agree their rights and obligations are measured and must be determined by the instrument dated 1 June 1937. Is it, as plaintiff contends, an obligation of defendants to pay R. H. Rigsbee's debt to plaintiff, not as distinct items evidenced by the separate notes but as a single debt for which they and R. H. Rigsbee are jointly liable; or is it, as defendants contend, a contract of guaranty by which defendants guarantee payment of the separate and distinct items evidencing R. H. Rigsbee's indebtedness to plaintiff; or does it make defendants sureties on each of the notes of R. H. Rigsbee?

No act of defendants could make them joint obligors with R. H. Rigsbee for a single debt. R. H. Rigsbee was liable to plaintiff, not for an aggregate debt, but for the several items constituting the debt. When the statute ran against any item of the debt, R. H. Rigsbee had a right to assert it as to that item. The instrument recognizes the debt consists of separate items to which others might be added. Defendants could not, by any contract which they made with plaintiff, affect R. H. Rigsbee's obligations or his rights. The interpretation which plaintiff gives to the instrument is not permissible.

The agreement shows an intent to become a debtor to plaintiff. By express language defendants "do hereby recognize this indebtedness as if it were our own and do assume full responsibility and liability for same." Here is a manifest intent to become primarily liable, to make R. H. Rigsbee's obligations their own. There is no agreement to protect plaintiff if R. H. Rigsbee defaults. Plaintiff could hold defendants, not because of a default of R. H. Rigsbee, but because defendants had become his debtors. They were jointly liable *with* R. H. Rigsbee, not collaterally liable *for* his default. They were sureties, not guarantors. *Milling Co. v. Wallace,* 242 N.C. 686, 89 S.E. 2d 413; *Casualty Co. v. Waller,* 233 N.C. 536, 64 S.E. 2d 826; *Dry v. Reynolds,* 205 N.C. 571, 172 S.E. 351; *Trust Co. v. Clifton,* 203 N.C. 483, 166 S.E. 334; *Dillard v. Mercantile Co.,* 190 N.C. 225, 129 S.E. 598.

R. H. Rigsbee did not seal the instruments evidencing his indebtedness. Without some binding acknowledgment, the right of action

against him was barred at the expiration of three years from the date the instrument became due. G.S. 1-52. The instrument executed by defendants was sealed, but affixing of a seal did not make the ten-year statute, G.S. 1-47, applicable. By its express terms, that statute is applicable only to principals. The statute of limitations barring actions against defendants as sureties is G.S. 1-52, notwithstanding the seal appearing after their names. *Davis v. Alexander*, 207 N.C. 417, 177 S.E. 417; *Barnes v. Crawford*, 201 N.C. 434, 160 S.E. 464; *Coffey v. Reinhardt*, 114 N.C. 509. The statute begins to run on the date the promise is broken. A new promise to pay fixes a new date from which the statute runs, but such a promise, to be binding must be in writing. G.S. 1-26. A payment made before the obligation is barred has the same legal effect as a written promise. *Smith v. Davis*, 228 N.C. 172, 45 S.E. 2d 51; *McDonald v. Dickson*, 87 N.C. 404. A payment or other valid acknowledgment made by one joint obligor binds his co-obligors. "The decisions of this Court adhere to the principle that a part payment by one joint debtor before the statute of limitations has run against the demand will start the statute anew as well against the co-obligor as against him who made the payment." *Saieed v. Abeyounis*, 217 N.C. 644, 9 S.E. 2d 399, and cases there cited.

A principal and surety are joint or co-obligors. A written acknowledgment or payment by one is binding on the other. *Trust Co. v. Clifton, supra; Dillard v. Mercantile Co., supra; Barber v. Absher Co.*, 175 N.C. 602, 96 S.E. 43; *Houser v. Fayssoux*, 168 N.C. 1, 83 S.E. 692; *Garrett v. Reeves*, 125 N.C. 529.

Were it not for the payments made in 1933 and subsequent thereto, as shown by plaintiff's red memorandum book, the three-year statute of limitations would have barred plaintiff's right prior to 1 June 1937 to collect from R. H. Rigsbee on any of the six notes. But the payments made by R. H. Rigsbee beginning in 1933 and continuing through 1937 kept each of these instruments alive. The debtor did not at the time of making payment direct application to any note. Plaintiff testified that the payments were to be applied to all of the notes. Without specific application by the debtor or creditor, the law would and did apply the payments rateably to prevent any note from being barred by the statute of limitations.

As stated by *Walker, J.*, in *French v. Richardson*, 167 N.C. 41, 83 S.E. 31: "(T)he doctrine as to the application of payments is now a familiar one. The debtor, at or before the time of the payment, has the right to direct its application. If he fails to do so, the creditor may apply it at his option to any existing debt, and in case he fails to exercise his right thus acquired, the law will make the application

to the most precarious debt, or, as is sometimes said, the court will make the application in such manner, in view of all the circumstances of the case, as is most in accord with the justice and equity, and will best protect and maintain the rights and interest of the parties." *Baker v. Sharpe,* 205 N.C. 196, 170 S.E. 657; *Supply Co. v. Plumbing Co.,* 195 N.C. 629, 143 S.E. 248; *Stone v. Rich,* 160 N.C. 161, 75 S.E. 1077; *Young v. Alford,* 118 N.C. 215; *Standard Surety & Casualty Co. v. United States,* 164 A.L.R. 935.

The unallocated payments made by R. H. Rigsbee in 1938, 1939, 1940, and 1943 were applicable rateably to each of the six notes, starting the statute anew as to each of the joint obligors from the date of each payment.

No specific payments were made on the first five notes nor were any unallocated payments made subsequent to 16 April 1943. The statute therefore began to run on these notes from that date. These notes were barred by the three-year statute of limitations 17 April 1946. Plaintiff, having failed as to these notes to repel defendants' plea of the statute of limitations, cannot complain of the peremptory instruction which was given.

Defendants' appeal.

All of the notes were due and payable on 1 June 1937 when defendants wrote to plaintiff. Plaintiff does not allege nor does the evidence establish an extension of time for payment to a day certain. Plaintiff's right of action against defendants accrued on 1 June 1937, the date they addressed and delivered their letter. If, as defendants assert, the letter was a guaranty of payment, the right of action against them terminated on 1 June 1947 unless they made a payment or did some act which fixed a new date from which the statute would run. There is no suggestion that defendants made any payment between 1 June 1937 and 1 June 1947. Payments made by R. H. Rigsbee, the debtor, on his contract would not suspend the running of the statute of limitations against guarantors for payment. *Trust Co. v. Clifton, supra; Davis v. Alexander, supra.* There is no evidence of any payment by defendants subsequent to 1 June 1947 unless the payment made on 24 September 1954 from the sale of the bank stock can be treated as such a payment.

But the relationship of defendants to plaintiff by virtue of the letter of 1 June 1937 became that of sureties and not guarantors of payment as held in plaintiff's appeal. A debtor and his sureties are in the same class. Payments made prior to 1 July 1953 by R. H. Rigsbee the principal, even if made without the knowledge of the defendants, sureties, fixed a new date from which the statute of limitations began

to run. *Green v. Greensboro College,* 83 N.C. 449. Each payment made by R. H. Rigsbee between 1937 and 3 January 1953 started the running of the statute from the date of the payment. There was a payment on 3 January 1953. The statute began to run anew from that date. Plaintiff had until 3 January 1956 in which to sue the sureties.

By c. 1076, S.L. 1953, effective 1 July 1953, the Legislature rewrote the statute relating to admissions by partners and joint obligors on promissory notes. (G.S. 1-27) The statute as rewritten in effect reverses *Green v. Greensboro College, supra,* and the cases which have applied the law as there declared. A payment by a joint obligor does not now fix the date of such acknowledgment or payment as a new date from which the statute begins to run unless such payment is authorized or ratified.

We find nothing in the evidence tending to establish any knowledge on Mrs. Rezner's part with respect to the dividend payments made on 7 July 1953, 7 January 1954, and 8 July 1954, nor do we find any evidence that she had any knowledge of or ratified the payment which was made on 24 September 1954 from the sale of the bank stock owned by R. H. Rigsbee. In the absence of such authorization or ratification, the action as to her was barred by the statute of limitations on 4 January 1956.

The payment of principal and interest credited on the note on 24 September 1954 came as a result of the sale of the bank stock belonging to R. H. Rigsbee. The sale of this stock and all other details with respect to the credit entries were handled by A. M. Rigsbee. The evidence is plenary to establish ratification of this payment by A. M. Rigsbee. There is no evidence to the contrary. Plaintiff was entitled to a peremptory instruction on the issue of the statute of limitations pleaded by A. M. Rigsbee. But the court was in error in giving such an instruction as to Mrs. Rezner. As to her there must be a new trial with opportunity to plaintiff to establish, if he can, authorization or ratification of these payments by Mrs. Rezner.

On plaintiff's appeal—Affirmed.

On defendant A. M. Rigsbee's appeal—Affirmed.

On defendant Lelia Rezner's appeal—New trial.