FLEET REAL ESTATE FUNDING CORPORATION v. JOHN N. BLACKWEL-
DER AND NORRIS M. BLACKWELDER

No. 8626SC123

(Filed 7 October 1986)

1. **Principal and Surety § 1; Guaranty § 1; Limitation of Actions § 4.6—
suretyship rather than guaranty—statute of limitations**

An agreement executed by defendants under seal which made them
primarily liable for a corporation's indebtedness to a bank constituted a
suretyship contract governed by the three-year statute of limitations of
N.C.G.S. § 1-52 rather than a guaranty under seal governed by the ten-year
statute of limitations of N.C.G.S. § 1-47(2), notwithstanding the agreement was
titled "Guaranty Agreement." Therefore, plaintiff's action on the agreement
was barred by N.C.G.S. § 1-52 where it was filed more than three years after
the original corporate borrower was in default and where plaintiff did not
allege that defendants authorized or ratified any acknowledgment or payment
after default.

2. **Limitation of Actions § 16; Rules of Civil Procedure § 12— statute of limita-
tions—defense raised by motion to dismiss**

Defendant properly raised the defense of the statute of limitations by a
Rule 12(b)(6) motion to dismiss when the complaint disclosed on its face that
plaintiff's claim was barred by the statute of limitations.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 18
November 1985 in MECKLENBURG County Superior Court. Heard
in the Court of Appeals 25 August 1986.

Plaintiff filed this action on 13 June 1985 to collect
$400,329.52 allegedly owed to it under the terms of a "Guaranty
Agreement." Plaintiff's complaint alleged, in pertinent part, that:

4. On or about April 26, 1978, Blackwelder Furniture
Company of Statesville, Inc. (hereinafter "Blackwelder") ex-
ecuted and delivered to NCNB two promissory notes made
payable to NCNB in the principal amounts of $730,000.00 and
$120,000.00, copies of which are attached to and made a part
of this Complaint as Exhibits A and B, respectively (herein-
after "the Notes").

5. On or about April 26, 1978, in order to secure its obli-
gations to NCNB under the Notes, Blackwelder conveyed to
NCNB certain real property and improvements owned by
Blackwelder and located in Iredell County, North Carolina, as

more particularly described in the Deed of Trust, a copy of which is attached to and made a part of this Complaint as Exhibit C (hereinafter "the Deed of Trust").

6. On or about April 26, 1978, defendants, for valuable consideration, executed and delivered to NCNB a written Guaranty Agreement (hereinafter the "Guaranty"), under which defendants jointly and severally guaranteed payment of the indebtedness of Blackwelder to NCNB under the Notes. A true copy of the Guaranty is attached to and made a part of this Complaint as Exhibit D.

7. Plaintiff is the successor in interest to all right, title and interest of NCNB in and to the Notes, the Deed of Trust, and the Guaranty.

8. Blackwelder has been and is in default under the provisions of the Notes and the Deed of Trust since on or about February 1, 1982.

9. In June 1984, plaintiff foreclosed the Deed of Trust and sold the real property and improvements subject thereto at a public sale held on June 5, 1984, at the Iredell County Courthouse in Statesville, North Carolina. Said foreclosure proceedings were conducted in accordance with the applicable provisions of the Deed of Trust and Chapter 45 of the North Carolina General Statutes.

10. After applying all credits and the amount received from the·sale of the collateral property subject to the Deed of Trust, the outstanding balance due and owing on the Notes, as of April 5, 1985, is $400,329.52.

11. Plaintiff has demanded that defendants pay the sum of $400,329.52, pursuant to the Guaranty, but defendants have failed and refused to pay this amount.

12. By reason of the foregoing, defendants are justly indebted to plaintiff in the amount of $400,329.52, plus interest thereon at the rate of nine and one-half percent (9½%) per annum from April 5, 1985, until paid in full.

Defendant John N. Blackwelder (defendant) filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) "on the ground that [plaintiff's] action as shown on the face of the [c]om-

plaint was not filed within the time required by the applicable [s]tatute of [l]imitations." The trial court found that N.C. Gen. Stat. § 1-52 was the applicable statute of limitations and that this statute had run prior to the commencement of plaintiff's action, and allowed defendant's motion to dismiss. Plaintiff appealed.

*Moore, Van Allen, Allen & Thigpen, by Daniel G. Clodfelter, James C. Smith and Charles E. Johnson, for plaintiff-appellant.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and Debra L. Foster, for defendant-appellee John N. Blackwelder.*

WELLS, Judge.

[1]  The dispositive question in this appeal is whether the contract on which plaintiff seeks recovery is one of "guaranty" under seal coming within the ten-year statute of limitations, or is one of "suretyship" coming within the three-year statute of limitations. Plaintiff argues that the court erroneously held that N.C. Gen. Stat. § 1-52, the three-year statute, barred plaintiff's action. Plaintiff contends that N.C. Gen. Stat. § 1-47(2), the ten-year statute, applies because defendant entered a contract of guaranty under seal and that plaintiff's action is not barred under G.S. 1-47(2). We disagree.

While titled a "Guaranty Agreement," the instrument executed and delivered by defendant to NCNB provides, in pertinent part, that:

> This obligation and liability on the part of the undersigned shall be primary and not a secondary obligation and liability, payable immediately upon demand without recourse first having been had by the owner and holder of the aforesaid notes against the Borrower or any person, firm or corporation or property which is security for the indebtedness;
> . . . .

In *Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980), our Supreme Court held that an agreement which included language identical to that excerpted above created a contract of suretyship. The Court explained:

> Although contracts of guaranty and suretyship are, to some extent, analogous, and the labels are used inter-

changeably, there are, nevertheless, important distinctions between the two undertakings. . . . A guaranty is a promise to answer for the payment of a debt or the performance of some duty in the event of the failure of another person who is himself primarily liable for such payment or performance. . . . A surety is a person who is primarily liable for the payment of the debt or the performance of the obligation of another. . . . While both kinds of promises are forms of security, they differ in the nature of the promisor's liability. A guarantor's duty of performance is triggered at the time of the default of another. . . . On the other hand, a surety is primarily liable for the discharge of the underlying obligation, and is engaged in a direct and original undertaking which is independent of any default. [Citations omitted.]

While the document at issue is entitled "guaranty agreement," its label is not determinative of its character. It is appropriate to regard the substance, not the form, of a transaction as controlling, and we are not bound by the labels which have been appended to the episode by the parties. . . . The agreement expressly states that

> This obligation and liability on the part of the undersigned shall be a primary and not a secondary obligation and liability, payable immediately upon demand without recourse first having been had by [Branch Banking and Trust] against the Borrower or any person, firm, or corporation; . . . .

By affixing her signature to the document, defendant manifested her assent to enter into a suretyship contract which imposed primary liability upon her for the payment of her husband's debt to the bank. [Citations omitted.]

Following *Trust Co.*, we hold that defendant entered a contract of suretyship with plaintiff's predecessor in interest notwithstanding the instrument's title of "Guaranty Agreement." As in *Trust Co.*, defendant entered a suretyship contract which imposed primary liability upon him for payment of Blackwelder Furniture Company's debt to the bank.

"The statute of limitations barring actions against defendants as sureties is G.S. 1-52, notwithstanding the seal appearing after

their names." *Pickett v. Rigsbee*, 252 N.C. 200, 113 S.E. 2d 323 (1960). *See also Lee v. Chamblee*, 223 N.C. 146, 25 S.E. 2d 433 (1943). "The statute begins to run on the date the promise [to pay] is broken." *Pickett, supra. See also Penley v. Penley*, 314 N.C. 1, 332 S.E. 2d 51 (1985). If the original borrower makes a new promise to pay the debt in writing or actually makes a partial payment after his or her original promise to pay is broken but before the statute of limitations has run, then the statute begins to run anew from the date of this payment or acknowledgment as against a surety who authorizes or ratifies it. *See Pickett, supra*; N.C. Gen. Stat. §§ 1-26, 1-27. *See also Trust Co. v. Martin*, 44 N.C. App. 261, 261 S.E. 2d 145 (1979), *disc. rev. denied*, 299 N.C. 741, 267 S.E. 2d 661 (1980).

Applying the above principles to the facts here, we hold that all the facts necessary to establish the limitation appear on the face of plaintiff's complaint. *See Flexolite Electrical v. Gilliam*, 55 N.C. App. 86, 284 S.E. 2d 523 (1981). Specifically, plaintiff's complaint alleges that the original borrower "has been and is in default . . . since on or about February 1, 1982." Plaintiff does not allege in its complaint that defendant authorized or ratified any acknowledgment or payment after default. *See Pickett, supra*. Plaintiff filed this action on 13 June 1985, more than three years after its cause of action had accrued against defendant. Plaintiff's claim thus is barred by G.S. 1-52. Accordingly, we hold that the court properly granted defendant's motion to dismiss.

[2] Plaintiff contends the court erred in granting defendant's motion to dismiss because his motion "failed to give plaintiff reasonable notice of the facts or law upon which it was based." However, it is well established that "[w]hen the complaint discloses on its face that plaintiff's claim is barred by the statute of limitations, such defect may be taken advantage of by a motion to dismiss under Rule 12(b)(6)." *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E. 2d 693, *disc. rev. denied*, 297 N.C. 176, 254 S.E. 2d 39 (1979). Defendant's motion to dismiss specifically alleged that plaintiff's action "as shown on the face of the [c]omplaint was not filed within the time required by the applicable [s]tatute of [l]imitations. Accordingly, we hold that defendant properly raised the defense of the statute of limitations by a Rule 12(b)(6) motion to dismiss.

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.